HUGHEY *v.* LENNOX.

## Opinion delivered March 15, 1920.

1. HIGHWAYS—NEGLIGENCE OF AUTOMOBILE DRIVER.—In an action for death of a child struck by an automobile, evidence *held* to warrant finding that driver was negligent.

2. MASTER AND SERVANT—LIABILITY FOR SERVANT'S NEGLIGENCE.—An automobile owner is liable, under the doctrine of *respondeat superior*, for negligence of his servant in operating an automobile.

3. HIGHWAYS—NEGLIGENCE—PERMITTING CHILD TO WALK ALONG FOOT-PATH.—Parents of a child three years old killed when defendant's automobile left the road and ran upon the footpath *held* not guilty of contributory negligence in permitting the child to walk along the footpath accompanied by an intelligent twelve-year old girl, though the public road alongside thereof was in use by many automobiles.

4. HIGHWAYS—NEGLIGENCE.—An automobile driver is not to be excused from liability for injuries caused while driving on a public highway because of his inexperience and unskillfulness, for he should not frequent places where inexperience or unskillfulness in handling an automobile is liable to cause injury.

5. HIGHWAYS—SPEED OF CAR—TESTIMONY.—Where there was evidence that the automobile which struck deceased was driven 58 feet after it struck deceased, and there was some testimony that the car was being driven only five miles an hour, expert testimony that a car driven at five miles an hour could have been stopped in six or eight feet was competent.

6. DEATH — CONSCIOUS SUFFERING — EVIDENCE.—Evidence *held* sufficient to show that deceased, a child struck by an automobile, suffered conscious pain for a short time after the injury.

7. DEATH—CONSCIOUS SUFFERING—EXCESSIVE DAMAGES.—Where the time during which a child consciously suffered pain was very short, an allowance of damages of $1,000 for pain and suffering will be reduced to $250.

8. DEATH — DEATH OF CHILD — EXCESSIVE DAMAGES.—A verdict of $2,000 to parents for the death of a three-year old girl who was healthy and intelligent *held* not excessive.

9. DEATH—DEATH OF CHILD—MEASURE OF DAMAGES.—There is no exact standard by which damages for a child's death can be measured, much being left to the fair and intelligent judgment of the trial jury.

Appeal from Crawford Circuit Court; *James Cochran, Judge;* modified and affirmed.

*Sam R. Chew* for appellants; *T. P. Winchester*, of counsel.

1.   The verdict on the first count is wholly without legal testimony to sustain it and the burden was on appellee.   The verdict was the result of passion or prejudice.   Conscious suffering for any length of time was not proven.   68 Ark. 1.

2.   If the proof shows conscious pain and suffering the verdict is excessive.

3.   The court erred in giving instruction No. 4 and in refusing appellant's instruction No. 5.   69 Ark. 134; 82 *Id.* 499; 96 *Id.* 206.

4.   The verdict on the second count is also excessive. 39 Ark. 491; 33 *Id.* 350; 80 *Id.* 454; *Ib.* 74; 90 *Id.* 274.

5.   The father of the child was guilty of contributory negligence in letting the child go on the highway unattended by some discreet person.   68 Ark. 1; 77 *Id.* 398; 72 *Id.* 1; 36 *Id.* 41; 5 Thompson on Negl., § 6310, p. 769.   The negligence of the father was not properly submitted to the jury.

6.   The testimony of L. H. Kibler was not competent.   87 Ark. 243; 98 *Id.* 352; 100 *Id.* 518.

7.   The evidence of Hughey before the coroner's jury was incompetent.

8.   The verdict is contrary to and against the weight of the evidence and contrary to the law.   56 Ark. 465.

9.   Instruction 3 given by the court was error.

*Starbird & Starbird,* for appellee.

1.   The verdict is supported by the evidence as to conscious pain and suffering.   96 Ark. 105; 88 *Id.* 164. The weight and credibility of the testimony was for the jury.   88 Ark. 200; 112 *Id.* 269; 92 *Id.* 569.

2.   The verdict is not excessive.   84 Ark. 241; 103 *Id.* 361; 165 S. W. 627.

3.   There was no error in the instructions given or refused.   125 Ark. 519.

4. Larger verdicts than this have been often sustained. 99 Ark. 422; 105 *Id.* 347; 102 *Id.* 422; 135 *Id.* 56; 33 *Id.* 350.

5. The objections to the admission of the testimony by appellants are not sustained by the law.

McCULLOCH, C. J.  J. M. Hughey, one of the appellants in this case, ran down and killed Tressa Lennox, a little girl between three and four years of age, while driving an automobile along a public road in Crawford County. The car belonged to J. W. Hansel, the other appellant in the case, and Hughey was driving the car as Hansel's agent. This is an action instituted by appellee as administrator of the estate of Tressa Lennox to recover on two causes of action; one for the benefit of the estate of the decedent, and the other for the benefit of the parents of said decedent.

It is alleged in the complaint that at the time of the injury the child was traveling a footpath along the side of the road in company with another child about her own age and another girl about twelve years of age, and that Hughey negligently ran the car against this child and caused her death. The answer contained appropriate denials of the allegations of the complaint. There was a trial of the issues before a jury, which resulted in a verdict in favor of the plaintiff, assessing damages on the first count for the benefit of the estate of the decedent in the sum of $1,000, and on the other count in the sum of $2,000.

The following state of facts is deducible from the testimony, viewing it in the light most favorable to appellee:

The child, Tressa Lennox, lived with her parents near the railroad station of Shibley, in Crawford County. There was a store at or near the station operated by a Mr. Brewer. Soon after the noon hour Tressa Lennox was sent to Brewer's store, a short distance from her home, to make a small purchase for her father. She was accompanied by Margaret Conn, a very intelligent girl,

twelve years of age, and her little brother, who was about the age of Tressa. The three, returning from the store, after having made the purchase, were walking along a footpath on the north side of the public road, Margaret holding one of the hands of each of the children. They were going westward along this footpath, and Hughey came along behind them driving the automobile and when he came within a distance of about 58 feet of the children the machine suddenly left the road and went over to the footpath and ran against Tressa Lennox and killed her. The other two children escaped uninjured. Margaret Conn testified that she had both of the children by the hand and that she succeeded in rescuing her little brother from the danger, but that the car struck Tressa and knocked her loose from her grasp before she could get her out of the way of the machine. The car struck the child violently and knocked her a considerable distance. Margaret Conn ran to the child after the car had passed over her and picked her up but appellant Hughey stopped the car and got out and took the child from Margaret's arms and carried her back up to Brewer's store.

The testimony with respect to probable suffering experienced by the child as the result of the blow came from Margaret Conn, so far as appellee's side of the controversy is concerned, who testified that when she picked the child up she was crying and that she continued crying until after Mr. Hughey came and took her out of the witness' arms. The child died about the time that Hughey reached the store and laid her down on the floor. It was proved by several witnesses that the car left the roadway and moved along the footpath and that the child was struck while she was walking along or standing in the footpath. Mr. Brewer was standing on the porch at his store when the injury occurred, and he testified that he was looking at the car and the children at the time, and that he saw the car dart out suddenly from the road over to the path and that the car was running at a high rate of speed.

There was testimony adduced tending to show that Hughey was an inexperienced driver. At any rate we think that the testimony was sufficient to warrant the jury in finding that Hughey was guilty of negligence in operating the car, and that he is responsible for the injury inflicted.

Hansel is liable under the doctrine of *respondeat superior,* Hughey being his servant and agent in operating the car.

It is contended in the first place that the court erred in refusing to submit to the jury the question of contributory negligence on the part of the parents in permitting the child to travel along the public highway where the proof shows automobiles frequently move. Learned counsel for appellants rely on the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Dawson,* 68 Ark. 1, where it was held that parents suing for injuries to a child of tender age were barred by their own negligence in permitting the child to travel unaccompanied along a dangerous way and receive injuries as the proximate result of such negligence.

We do not think, however, that there was, in the present case, any evidence of contributory negligence sufficient to warrant a submission of that issue to the jury. There was testimony to the effect that a great many automobiles moved along this highway. Some of the witnesses expressed the opinion that they averaged more than fifty a day, but this little girl was not traveling alone. She was accompanied by another girl twelve years of age, who shows by her testimony that she is very intelligent and is capable of looking after the safety of her little companions. There was nothing especially dangerous about the situation which would have warranted the jury in finding that under those circumstances the parents were guilty of negligence in allowing the child to pursue such a short journey to the store. There was no occasion to cross the road, and the proof shows that there was a well defined footpath along the fence on the north side of the road, and that there was a space of

about twelve feet between this footpath and the driveway. Certainly it is not negligence for an intelligent girl of twelve years to pursue a journey of that kind alone, and since this child, Tressa, was in care of the older girl, there is nothing to justify a finding that it constituted negligence to permit her to go on the journey thus accompanied. The court was therefore correct in refusing to submit the question of contributory negligence to the jury.

Error of the court is assigned in refusing other instructions requested by appellants, but we think that the law of the case as stated in those instructions was fully covered by instruction No. 3, given at the request of appellee, which reads as follows:

"The defendants had the right to run their car upon the highways, but in so doing they must use due care and diligence not to injure other persons using the highway at the same time. It is the duty of a person operating an automobile upon the highways to use due care to keep his automobile upon the highways; to use due care to keep his automobile under control, and he must possess reasonable skill in operating an automobile before he undertakes to operate said automobile upon the public thoroughfares or highways, if he fails to possess reasonable skill in operating the car or fails to exercise due care in operation of the car, that constitutes negligence. Due care is such care as an ordinary person would use in operating an automobile upon the highway and lack of this due care is negligence. Negligence is the failure to exercise that degree of care which an ordinarily careful person would use under the same or similar circumstances."

Objection was made to that part of the instruction quoted above which states the law to be that a person operating an automobile along a public highway "must possess reasonable skill in operating an automobile before he undertakes" to do so upon the public highway. We are of the opinion that that part of the instruction is correct. An unskillful or inexperienced driver is not to

be excused from liability for injuries inflicted because of his inexperience and unskillfulness. On the contrary, he should not frequent places where injury is liable to result from inexperience or unskillfulness in handling a car. When a person operates an automobile along a public highway frequented by other travelers, he assumes the responsibility for injuries resulting from his own unskillfulness in the operation of the car.

L. H. Kibler, a witness introduced by appellee, qualified as an expert in the operation of automobiles, and testified that a car running five miles an hour, with the machinery in fairly good working order, could be stopped in a distance of six or eight feet, and we think that the witness showed sufficient familiarity with the subject to qualify as an expert, and it was competent to show within what distance a car could have been stopped, since other proof shows that the car was driven 58 feet after it left the road, and some of the testimony tended to show that Hughey was driving about five miles per hour.

It is next insisted that there was no evidence of conscious suffering on the part of the child after she was struck by the automobile, and that for this reason the verdict was without evidence to sustain it, so far as relates to the recovery on the first count of the complaint.

We do not agree with counsel that there is entire absence of testimony tending to show that Tressa Lennox consciously suffered pain. Margaret Conn testified that as soon as the automobile passed over the body of the child she ran to the child and took her up in her arms, and that she was crying and continued to cry until Mr. Hughey got out of the car and took the child out of her arms. There was other testimony tending very strongly to contradict this statement. Hughey testified that he did not himself take the child from the arms of Margaret Conn, but that he took the child up from the ground just as Margaret was about to take her up from the ground, and that she was not crying, nor did she give any other indication of conscious suffering. He testified that the child died just as he laid the body down on the floor at

Mr. Brewer's store. There was a physician who examined the body several hours after the death of the child, and he testified that from the wounds as he found them there could not have been any conscious suffering after the infliction of the injury. He testified, in other words, that there was total unconsciousness immediately resulting from the infliction of the injury, and that there could have been no pain endured by the child. The jury might have found, from the fact that the child was crying that she suffered pain for several minutes. It is not a case of entire absence of indications of suffering, as was the case in *St. Louis, Iron Mountain & Southern Railway Company* v. *Dawson, supra,* relied on by counsel for appellants. In that case the court said in the opinion that there was no testimony of any cries or moans on the part of the injured child. The very fact that the child was crying might have been, and doubtless was, accepted by the members of the jury as sure indication that there was conscious pain.

The time during which the child endured pain was, according to the undisputed evidence very short, and we are of the opinion that the recovery on that branch of the case is excessive. Of course, each case must to a certain extent stand upon its own peculiar facts, and we have reached the conclusion that the testimony in this case is not sufficient to warrant a recovery exceeding $250.

The contention is also made with respect to the recovery on the other branch of the case that the verdict was excessive, but after careful consideration we have reached the conclusion that the verdict on this branch of the case was not excessive. The child was healthy and intelligent, and even at the tender age of three years she was able to go on errands for her parents. The jury might have found that it was reasonably inferable that the child, during her minority, would be of substantial benefit to her parents, and that her services would be of sufficient value when reduced to present value to amount to the sum awarded. Much is left to the fair and intelligent judgment of the trial jury, as there is no exact

standard by which damages in this sort of case can be measured.

The judgment of the court will, therefore, be modified by reducing the judgment on the first count to the sum of $250, with interest from the date of the rendition of the judgment below, and, as modified, the judgment will be affirmed.