Argued February 27, affirmed March 19, 1929.

## ELLEN E. LUSTER *v.* NORTH COAST TRANS-PORTATION COMPANY.

(275 Pac. 666.)

For appellant there was a brief and oral argument by *Mr. Thomas E. Davis.*

For respondent there was a brief over the name of *Messrs. Lord & Moulton* with an oral argument by *Mr. Arthur I. Moulton.*

BELT, J.—Plaintiff seeks to recover damages for personal injuries sustained as the result of a collision between a six-ton autostage and a Ford automobile in which she was riding. She charges the defendant with negligence in that it failed to give the right of way and that the stage was being driven at an excessive rate of speed. Defendant denies the negligence and alleges affirmatively that plaintiff and her husband, the driver of the Ford automobile, were guilty of contributory negligence. Verdict and judgment were had for plaintiff. Defendant appeals.

1. Defendant's motion for nonsuit, which is equivalent to a demurrer to the evidence, presents the question: Can this court say, as a matter of law, that plaintiff or her husband was guilty of contributory negligence? It is conceded by counsel that under the laws of Washington, in which state this accident happened, that, if the negligence of plaintiff's husband proximately contributed to the accident, she is precluded from recovery. A brief statement of the facts will suffice to show that there is no merit in appellant's contention. The collision occurred at about 11 o'clock at night on May 21, 1927, at a highway intersection approximately 10 miles north of Vancouver, Washington. The stage of the defendant company was going in a northerly direction on the Pacific Highway. Plaintiff and her husband were driving in a westerly direction on a graveled highway and as they approached the intersection of these two roads, their car being only a few feet from the

edge of the pavement, she says that she looked to the south and saw the lights of an approaching automobile which appeared to be about 800 feet distant. She states that her husband also looked in both directions before going upon the pavement and that, at the time, they were driving at about five miles per hour. The Ford car proceeded across the intersection and was struck broadside by the stage, according to her testimony, at a point a few feet west of the center of the intersection. The Ford was practically demolished, being thrown about 60 feet from point of impact. The husband was killed. The stage, after skidding a considerable distance, stopped about 135 feet from the place where it struck the Ford. Under the law of Washington at the time this collision occurred the speed limit was 30 miles per hour: Section 6339, Remington's Code of Washington. Section 6340 of the Code provides that:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point: * * ."

2. If the testimony of the plaintiff is to be believed, the driver of the Ford unquestionably had the right of way. It may be also said that, at the time in question, the driver of the Ford was not required by law to stop before going on to a trunk highway. The fact that plaintiff and her husband failed properly to estimate the speed and distance of the approaching stage as they proceeded to cross this intersection does not, of itself, establish that they were negligent. Their conduct is to be measured by the standard of what an ordinarily prudent person would have done under all the facts and circumstances as they ap-

peared to exist. Neither party is to be judged in the light of subsequent events. The court knows, as does everybody else, that it is difficult to look at the headlights of an approaching automobile and determine, with any degree of accuracy, its speed or distance: *Nyhart* v. *Oregon Stages,* 126 Or. 105 (268 Pac. 982). Since there is evidence showing that the collision occurred after the Ford had passed beyond the center of the intersection, the jury might well have drawn the reasonable inference that, had the stage kept to the extreme right side of the pavement no collision would have occurred. The trial court was right in denying the motion for nonsuit.

It is apparent that the driver of the stage operated on the theory that he had the exclusive right of way. He saw, or ought to have seen the reflection of the lights of the Ford for a considerable distance before reaching this intersection.

3, 4. Error is assigned because the court permitted H. E. Freeman, a witness for plaintiff, to testify as to the distance in which a stage could be stopped, assuming that it was traveling at a speed of 30 miles per hour. It is well established that an expert witness is entitled to express an opinion relative to such matter: *Macchi* v. *Portland Railway, Light & Power Co.,* 76 Or. 215 (148 Pac. 72); *Johnson* v. *Quinn,* 130 Minn. 134 (153 N. W. 267); *Hughey* v. *Lennox,* 142 Ark. 593 (219 S. W. 323); *State* v. *Gray,* 180 N. C. 697 (104 S. E. 647); *Withey* v. *Fowler Co.,* 164 Iowa, 377 (145 N. W. 923); *Blado* v. *Draper,* 89 Neb. 787 (132 N. W. 410); Berry on Automobiles (6 ed.), § 1296; Huddy on Automobiles (8 ed.), § 1273. The witness was qualified to express an opinion. He had been an automobile mechanic for several years, had

driven autostages and repaired Westinghouse airbrakes, such as were used on the stage in question. He inspected the scene of the accident and observed the condition and grade of the highway. The trial court certainly did not abuse its discretion in determining that Freeman had shown sufficient qualification to testify.

The trial court clearly and concisely instructed the jury on the vital question in the case as follows:

"So that if, under the circumstances of this case, taking into consideration all the conditions that existed as disclosed by the evidence in this case, you find that the conditions and circumstances were such that a person of ordinary and reasonable care and prudence would not have attempted to cross that highway ahead of the oncoming stage of the defendant, and that such act on the part of plaintiff or her husband was the cause or a contributing proximate cause to the injury of which the plaintiff complained, then the plaintiff would not be entitled to recover in this action."

We think appellant has no cause to complain as to instructions given or failure to give those which were requested. Considering the charge in its entirety, it fully and clearly states the issues.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.