## CAPERON v. TUTTLE et al.

No. 6353. Decided August 14, 1941. (116 P. 2d 402.)

478

Cline, Wilson & Cline, of Milford, for appellant.

Dilworth Woolley, of Manti for respondents.

WOLFE, Justice.

Plaintiff brought this action in the District Court of Beaver County, Utah to recover damages for personal injuries which he sustained when the automobile in which he was riding as a guest, and which was driven by Tony Svalina, overturned after colliding with sheep owned and herded by defendants. From a judgment based on a verdict of "no cause of Action," the plaintiff appeals.

The collision occurred toward dusk on the evening of December 9, 1939. At that time defendants Don H. Brown and Wilford Domgaard were in charge of a herd of sheep, Brown as the camp tender and Domgaard as the herder. Brown was with the camp wagon some distance from the herd, when the accident happened. Domgaard, mounted on his horse, was actively herding the sheep and had started them over the highway. With all but about 300 of a total of 2,600 head of sheep on the other side of the highway, Domgaard started the remaining 300 head across and then went after stragglers. This necessitated his going beyond a knoll nearby so that he was completely out of sight of the sheep on the highway. There is a conflict in the evidence as to whether there was a crest in the road by reason of which the sheep, crossing at the point where the collision occurred were hidden from view. It is plaintiff's contention that the sole proximate cause of his injuries was defendants' negligence in leaving the sheep, unattended, so that they were not in motion, at a point on the highway where they were obscured from view, particularly at dusk when the color of the sheep blended with that of the terrain. Defendants denied any negligence on their part, and alleged the negligence of the driver of the car and the contributory negligence of plaintiff as proximate causes. That plaintiff's status was that of "guest" is not disputed. We need not, therefore, consider the law which would apply were his relation to the driver that of master and servant, principal and agent, or joint venture.

Plaintiff assigns error in the Court's Instruction No. 6, which reads as follows:

"You are further instructed that if you find that both Mr. Svalina and the herders, Mr. Domgaard or Mr. Brown were negligent at the time and place referred to and that the automobile overturned as a result of concurrent negligence of both Svalina and Domgaard, then you should determine the answer to these questions: (1) Would the accident have happened if Svalina had exercised ordinary watchfulness, care and skill in handling his automobile? (2) After Svalina became aware of the presence of defendants' sheep on the highway, could he, by exercise of ordinary skill and intelligence have avoided the accident? If you find that the accident would not have happened if Svalina had exercised ordinary watchfulness, care, and skill in handling his automobile, then the defendants are not liable. Also, if by the exercise of ordinary intelligence, skill and prudence, Mr. Svalina could have avoided the accident after he became aware of the presence of the sheep on the highway, then the defendants are not liable.

"On the other hand, if you find that in this case, the circumstances show such a combination of negligence on the part of defendants and Svalina, that it would not have happened but for the negligence of defendants, and you further find that Mr. Svalina could not have avoided the accident by the exercise of ordinary intelligence, skill and prudence after he, by ordinary watchfulness and care, should have discovered the sheep on the highway, then you should find for the plaintiff, and assess his damages as hereinafter explained, unless you further find from a preponderance of the evidence that plaintiff was himself guilty of contributory negligence as that is hereafter explained."

When read in the light of the other instructions in the case it is apparent that the above instruction purports to set up standards for determining proximate cause. We believe, however, that in so doing it was not only erroneous but also prejudicial. By this instruction the jury was informed as follows:

(1) If the accident would not have happened had the driver exercised ordinary care, the defendants were not liable.

(2) If, after he became aware of the presence of the sheep, the driver could have avoided the accident by ordinary skill, the defendants were not liable.

(3) If the accident would not have happened but for defendants' negligence, and the driver could not by ordinary skill have avoided it, after he should have discovered the sheep by ordinary care, defendants were liable.

By that instruction the jury may have been led to believe that the negligence or lack of negligence of Svalina, the driver of the car in which plaintiff was a guest, was the principal question for determination on the issue of defendants' liability. The questions it propounds in ██ effect impute to the plaintiff the negligence or nonfeasance of the driver. That may not be done where the occupant of a car is a guest and the driver is in sole control of the automobile. *Smellie* v. *Southern Pacific*, 212 Cal. 540, 299 P. 529, citing many cases; *Hester* v. *Coliseum Motor Co.*, 41 Wyo. 345, 285 P. 781; *Switzler* v. *Atchison, T. & S. F. Ry Co.*, 104 Cal. App. 138, 285 P. 918; *Cowan* v. *Salt Lake & U. R. Co.*, 56 Utah 94, 189 P. 599. The cases are numerous which hold that if injuries result from a collision, the proximate causes of which are the concurring negligent acts of the driver and a third person, recovery may be had against either or both of such negligent persons. 4 Blashfield's Cyc. of Automobile Law & Practice, Perm. Ed., 374, § 2573; *Hester* v. *Coliseum Motor Co.*, supra; *Dewees* v. *Kuntz*, 130 Cal. App. 620, 20 P. 2d 733. The instruction, therefore, fails to advise the jury on the important point that plaintiff was entitled to recover from defendants if the jury found that the car overturned by virtue of the combination of the negligence of the driver in failing to use ordinary care to become aware of the sheep in sufficient time to stop, and in the negligence of the sheep men in failing to exercise ordinary care in driving the sheep across the highway, providing plaintiff was not guilty of contributory negligence. In other words, the jury was not informed that if the negligence of the driver and the negligence of the sheep men could both contribute proximately to plaintiff's injuries, the defendants would be liable. Nor do we find that this issue was presented to the jury in any of the other instruc-

tions. The courts' failure in this respect deprived plaintiff of his right to have the jury consider the question of defendants' negligence even though the driver were found to be negligent. *Moss* v. *Taylor*, 73 Utah 277, 273 P. 515. Such was clearly prejudicial.

Having arrived at a result which necessitates a reversal of the judgment of the court below and the remanding of the case for a new trial, we proceed to a discussion of other errors which are assigned as to matters which may recur in another hearing of this cause. Error is assigned in the admission of evidence through two of defendants' witnesses. Terry, a state automobile inspector, when called for defendants, testified from a table in his possession and on the basis of experiments conducted, that a car traveling 40 miles per hour could be stopped within a distance of 100 feet on a level, paved road. Though he testified on cross examination that this stopping distance would increase "very greatly" on a graveled road having a slight grade, such as the highway at the point where the instant collision occurred, the only testimony of a definite stopping distance was based on facts which deviated from the actual evidence before the court. That opinions as to stopping distances of automobiles are admissible when based on facts such as the type of car, the surface and grade of the road, and similar circumstances which correspond to the evidence before the court, is well established. *Luster* v. *North Coast Transportation* Co., 128 Or. 650, 275 P. 666; *Morris* v. *Montgomery*, 229 Mich. 509, 201 N. W. 496; *State* v. *Gray*, 180 N. C. 697, 104 S. E. 647. But when based on circumstances which deviate entirely from the evidence before the court and which would be most favorable to the party offering such evidence it was clearly incompetent, and though we doubt that plaintiff's cause was prejudiced thereby, it should not be admitted on retrial.

We are of a similar view with regard to testimony of defendant Brown to the effect that it had been defendants' custom to graze the sheep on the north side of the highway

for several years, and that the instant accident was the first occasion on which they had had an animal killed by an automobile. Defendants may have handled their sheep negligently over a period of years without any mishap, but that lends no sanctity to their experience. In such a matter, their custom does not become a standard for determining negligence. 45 C. J. 709, 1243.

In the refusal of the court to instruct the jury that defendants were negligent as a matter of law and that such was the proximate cause of the accident, we find no error. There was some conflict in the evidence purporting to show such negligence. Furthermore, we are unable to distinguish this from cases holding that where there is injury to motor vehicles or the occupants thereof by collision with animals, the question of whether the persons driving the animals, or otherwise responsible for their being on the highway, were negligent, is one for the jury. *Olden* v. *Babicora Development Co.*, 107 Cal. App. 399, 290 P. 1062; *Lins* v. *Boeckeler Lumber Co.*, 221 Mo. App. 181, 299 S. W. 150; *Anderson* v. *Dail*, 224 Mo. App. 403, 21 S. W. 2d 496. For the same reason the trial court properly refused requested instructions to the effect that the exercise of due care by defendants would have included the posting of lookouts to warn motorists, or the employment of sufficient herders to clear the highway for approaching vehicles. As laws permit and recognize increased speeds as reasonable, juries may be persuaded that the exercise of reasonable care requires added precautionary steps, but such conclusions remain within the province of the jury.

The question is further raised as to whether the court erred in allowing the jury to consider plaintiff's contributory negligence. This issue was raised by defendants' pleadings. The instruction given was correct in its statement of the law. Hence, the propriety of the court's action depends on whether or not there was any substantial evidence on this point. There was some evidence that the car had been traveling at an excessive speed, though this was denied by plaintiff. Plaintiff claimed he was

watching the road ahead from the rear seat in which he sat; that as soon as he could see the sheep he cried out a warning to the driver, who apparently saw them at the same time and started to apply his brakes and pull off the road in an effort to avoid striking the sheep. It was also in evidence that dusk was setting in so that visibility was reduced, though lights would not have been helpful; that plaintiff had ridden over the road almost daily for a long period; that he knew the nature of the terrain, that the road was gravel surfaced and winding, and that sheep were herded in that vicinity. As we have heretofore stated, any negligence of the driver was not imputable to his guest. Nevertheless, if the jury found that the driver was negligent, it could under proper instructions have considered whether or not Caperon was, or should have been, aware of such negligence and was, therefore, under a duty to warn said driver of the danger involved and endeavor to influence him to exercise greater caution, and further, whether or not anything that plaintiff might have done would have influenced the driver to greater care and thus have avoided the accident. *Gilman* v. *Olson,* 125 Or. 1, 265 P. 439; *Cowan* v. *Salt Lake & U. R. Co.,* supra.

A final matter directed to our attention by appellant is the conduct of counsel for defendants in his argument to the jury. Specific instances of such misconduct are pointed out in counsel's endeavor to read a part of the complaint to the jury, and in his references to what "we" found at the scene of the accident. Since the use of the word "we" could have referred to counsel or other persons who were not sworn, its use in argument was improper as was the reading from the complaint, though it does not follow that either was prejudicial. However, mention is here made of this matter, in order that it may be avoided in the new trial.

The judgment of the lower court is reversed and the case remanded for a new trial. Costs to appellants.

LARSON, McDONOUGH and PRATT, JJ., concur.

MOFFAT, C. J., dissents.