## KAWAGUCHI v. BENNETT.

No. 7043. Decided January 22, 1948. (189 P. 2d 109.)

See 56 C. J. Schools and School Districts, sec. 971. Tort liability of public schools and institutions of higher learning, see note, 160 A. L. R. 7. See, also, 47 Am. Jur. 334.

*Clyde & Coray,* of Salt Lake City, for appellant.

*Stewart, Cannon & Hanson,* of Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a verdict and judgment of "no cause for action" in a suit brought to recover for personal injuries sustained by Bessie Kawaguchi, a child, in an accident involving a school bus.

From the uncontroverted evidence introduced at the trial, it appears that Bessie Kawaguchi was a child of 7 years on April 5, 1945, and a pupil at the Layton School in Davis County, Utah, and that George Bennett, the respondent herein, was the driver of a school bus. On the afternoon of that day, George Bennett drove a school bus onto the oil-surfaced driveway located in the back of the Layton School. As he entered this driveway he was going between 6 and 10 miles per hour. He proceeded south along this driveway to a group of about 12 or 15 school children ranging from the ages of 7 to 11 or 12 years who were lined up single file waiting for his bus. Other children were loosely grouped around this line sauntering to it as he drove toward it. Three other school buses had preceded his and were loaded or loading other groups of children. The children who were waiting to board the bus were lined up facing east, and the driver was bringing the bus to a stop about 2 or 3 feet to the east of the front end of that line when Bessie Kawaguchi and her brother suddenly darted from near the rear end of the line to the front where Bessie's brother was pushed into

Bessie by a boy standing at the head of the line and she was thereby shoved and fell under the wheel of the bus before the driver could bring it to a stop. As a result of this her leg was badly injured.

At the time the bus driver approached this line he had seen that the principal of the school was at the head of the driveway and not observing the line of children waiting for his bus. He did not see any adult in attendance, but there was a line of children whom he recognized were waiting for his bus. The driver knew that the children in the school were usually lined up and waiting for the bus. There was no hurrying, scurrying, bustling and jostling to be seen. The children who were not already in line were approaching leisurely, and although there were playgrounds surrounding the driveway there was no confusion there. The line which he approached was at the regular loading zone which his superior had directed him to use. Although in the past there had been a few occasions when the children had jostled each other in boarding the bus, there had never been occasions when there was no adult in attendance. There was no evidence of any rule that he should not approach the line when no adult was there.

On this evidence, the case was submitted to a jury who returned a verdict of "no cause for action," whereupon appellant herein moved for a new trial. This was refused and he now assigns this refusal and the giving of certain instructions and the failure to give others, and the admittance of certain testimony, as errors.

Counsel contends that the driver was guilty of negligence, in approaching the line of children waiting for his bus within 2 or 3 feet from the end thereof when he could not see an adult person supervising the children in the line, and therefore the court erred in not granting a new trial. In view of the fact that the line was formed as usual, there was no disorder at the time that he approached the line and there was no rule that he should not do so, and that he had on occasions done so before with no ill effects, we cannot say as a matter of law that he was

guilty of negligence in so doing. In fact we think it very doubtful that he could be found negligent in this respect. Had there been disorder and confusion as he approached the line then it might be that we could say that all reasonable minds must agree that he endangered these children by driving into the school yard at all, but under the circumstances here presented we do not so hold. As to the question of driving too near to the end of the line, that distance would seem to be about the proper distance to drive from the line which was ready to board his bus. Had there been no disorder before he stopped the bus, that would be a safe distance to approach the line. If he could see that there was disorder, perhaps he should have stayed out of the yard altogether. Had he driven farther away from the end of the line, he might have invited a scramble among the children to get to the bus first, as naturally if they saw that he was not coming to the end of the line they would make a rush for his bus to get there first. We find no error in this respect.

Appellant complains of the court's instructions to the jury on "proximate cause." He argues that a correct instruction, in view of the fact that there was evidence that a third person had pushed Bessie causing her to fall under the wheel of the bus, should have informed the jury that if the driver was negligent such act of the third party was not an intervening cause which would break the chain of causation unless it was not reasonably foreseeable.

The court's instructions on this subject reads as follows:

No. 7.

"The proximate cause of an injury is that cause which, in natural continuous sequence, unbroken by any active intervening cause, produces the injury, and without which the result would not have occurred. It is the active cause—the one that necessarily sets in operation the factors that accomplish the injury. It may operate directly or by putting intervening agencies in motion."

No. 8.

"This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act,

one element or circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient causes of an injury, and in such a case each of the participating acts or omissions is regarded in law as a proximate cause."

No. 9.

"You are instructed that if you find that the defendant, George Bennett, was negligent and that his negligence was the proximate cause of the plaintiff's injuries, and if you further find that the plaintiff was not guilty of contributory negligence, then you are instructed not to consider the negligence of any third party, either child or adult, even though their negligence was a proximate or contributing cause of plaintiff's injuries."

There can be no doubt that instruction No. 7, as given by the court, correctly states the law as to what is a "proximate cause." *Rollow* v. *Ogden City,* 66 Utah 475, 243 P. 791. We do not understand appellant to say that this instruction is erroneous as a general proposition, but ■ that under the facts of this case it was prejudicial to give such an instruction since the accident involved children and as a matter of law, if the respondent was negligent, his negligence was the proximate cause of the injury and there could be no question of an intervening cause unless such cause was not reasonably foreseeable. We are not prepared to say that if respondent was negligent that under the facts of this case his negligence as a matter of law was the proximate cause of the injury and was not a question of fact to be submitted to the jury. The appellant cites the case of *Cahill* v. *E. B. & A. L. Stone Co. et al.,* 167 Cal. 126, 138 P. 712, as authority for this proposition. This case is based on the "turntable" or "attractive nuisance" doctrine, wherein the courts have held that where an instrumentality which may be dangerous and attractive to children is left where such children are likely to use it, and injury results therefrom, that the negligence of the owner of the instrumentality is the proximate cause of any such injury despite the fact that such injury would not have resulted but for the action of children setting the instrumentality in

action, as such action by children could be reasonably foreseen. In the instant case, the "attractive nuisance" doctrine cannot possibly have any application.

However, even if this were not so, appellant has no cause for camplaint, as the court in its instruction No. 9, told the jury that if they found that defendant's negligence was the proximate cause of the injury that they were

"not to consider the negligence of any third party, child or adult, even though their negligence was a proximate or contributing cause of plaintiffs injuries."

Thus the court told the jury that they were not to consider the acts of any third party as an intervening cause and appellant could not have been prejudiced by the giving of the general instruction on "proximate cause." If this instruction is erroneous, it is because it is too favorable to plaintiff.

Appellant next complains of the fact that the issue of contributory negligence was presented to the jury. He contends that the evidence shows affirmatively that Bessie was not guilty of contributory negligence since she was pushed by a third person to the ground in the path of the bus. He argues that under these facts a child of the age of Bessie (who at the time of the accident was over 7½ years of age) could not, as a matter of law, be guilty of contributory negligence. Among the cases appellant cites in support of this contention is *Herald* v. *Smith*, 56 Utah 304,, 190 P. 932, 933. This case involved a child 4 years and 10 months old who was injured by an automobile as she was crossing a street. The lower court had directed the jury to bring in a verdict of "no cause for action." This court in respect to the question of contributory negligence of the child said:

"* * * The defendant's duty to the plaintiff cannot be measured by what he might reasonably have expected to be the conduct of an adult person in such circumstances. It was his duty to avoid the accident if possible in the exercise of ordinary care, *and it was for the jury to say* whether he was justified in assuming that the plaintiff

would do or might do the acts which the testimony shows she actually did. A child of that age cannot, as a matter of law, be held to have appreciated the danger and is not presumed to conduct herself as an adult person would under similar circumstances. There is nothing in the record to indicate that the plaintiff had sufficient capacity to understand or appreciate the danger to which she was exposed by the approach of the defendant's automobile. In fact the contrary appears. (Italics added.)

" 'The degree of care required of a child must be graduated to its age, capacity, and experience, and must be measured by what might ordinarily be expected from a child of like age, capacity, and experience under similar conditions. If it acted as might reasonably be expected of such a child, it cannot be charged with contributory negligence.' *Gesas* v. *O. S. L. R. R.*, 33 Utah 156, 93 P. [274], 279, 13 L. R. A., N. S., 1074."

The *Gesas* case cited by the court above, involved an 8 year old boy who was injured when a freight train moved as he was trying to cross between couplings of its cars. In that case the court also directed the jury to return a verdict of "no cause for action." The court held that the question of contributory negligence of the child was a jury question.

In the instant case the court presented the question of whether Bessie was guilty of contributory negligence to the jury, but also in this connection instructed the jury by its instruction No. 12 that:

"A child 8 years old cannot, as a matter of law, be held guilty of contributory negligence, and it is not presumed to conduct herself as an adult person would under similar circumstances.

"The degree of care required of a child must be graduated to its age, capacity and experience, and must be measured by what might ordinarily be expected of a child of like age and capacity under similar conditions, and, if it acted as might reasonably be expected of such a child, it cannot be charged with contributory negligence."

This instruction is in accord with our view expressed in *Herald* v. *Smith*, supra. We do not understand that we there said that as a matter of law any child of tender years cannot be guilty of contributory negligence, but rather that a court cannot say, as a matter of law, that such a child was guilty of contributory negligence, but must submit that

question to a jury to determine whether the conduct of the child, measured by its capacity and experience, was negligent. Appellant cites other cases from other jurisdictions where it has been held that as a matter of law a child of 8 years or younger cannot be guilty of contributory negligence; however, that is not the rule in this jurisdiction. Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 2, Perm. Ed., § 1521, on Contributory Negligence of children has this to say:

"Although in Virginia a child between 7 and 14 is presumed to be incapable of contributory negligence, and in Pennsylvania it has been held that a child of 8 could not be guilty of contributory negligence, it is quite generally held as a matter of law and as a matter of fact that a child over the age of 7, in the possession of his normal faculties, has sufficient intelligence to have some regard for its own safety, and should be required to exercise some degree of care to avoid motor vehicles.

\* \* \* \* \*

"Ordinarily, unless the child is of such tender years that there is a conclusive presumption of incapacity, or unless the evidence is such as to raise incapacity as a matter of law, a minor's capacity for contributory negligence is a question for the jury."

As we have noted heretofore, Bessie was nearly 8 years old at the time of the accident. There was no evidence that she was not a child of normal intelligence. From the undisputed evidence in the case, Bessie's negligence, if any, which could in any way have contributed towards the accident was her act of trying to get to the front of the line of children who were waiting for the bus, just as the bus was coming to a stop. But as to that act, the court in its instruction No. 15, instructing on the degree of care required of the operator of the car told the jury that where the safety of children and others of immature mind is involved that the degree of care will be greater than would otherwise be required, and that

"A school-bus driver cannot ignore the disposition of children of tender years, especially when in a group, to be heedless and capricious and to dart from a place of safety to a place of danger and into the pathway of the on-coming bus."

This instruction, in our opinion, was very favorable to appellant and the effect of any instruction that the court gave on contributory negligence was considerably ameliorated. We find no error in the court's instructions on contributory negligence.

We have carefully examined appellant's other assignments of error with respect to the admission of certain evidence and find no merit to them.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and PRATT and LATIMER, JJ., concur.

WOLFE, Justice (concurring).

I concur in the result of the prevailing opinion and with the reasoning thereof except as hereafter noted.

I have serious doubts that sufficient evidence was adduced by plaintiff to justify the submission of the question of defendant's negligence to the jury. However, the issue of negligence having been resolved by the jury in the defendant's favor, there is no need to determine that question. I have no doubt that defendant was not guilty of negligence as a matter of law.

Mr. Justice WADE has hypothesized some facts situations where it is said that defendant might be guilty of negligence as a matter of law. I expressly reserve from my concurrence any opinion as to whether or not such fact situations would involve negligence as a matter of law.