361 P.2d 1114

Nedra NYMAN, Plaintiff and Respondent,

v.

CEDAR CITY, a municipal corporation, Defendant and Appellant.

No. 9273.

Supreme Court of Utah.

May 11, 1961.

Ray, Quinney & Nebeker, Grant C. Aadnesen, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff sued for injuries suffered when an automobile in which she was a guest ran into obstructions in Center Street of defendant Cedar City. Upon a trial to the court she was awarded judgment of $11,-000 general and $4,504.06 special damages.

Cedar City appeals, contending: that the evidence does not support a finding of its

negligence; nor that its negligence proximately caused plaintiff's injuries; but that the negligence of the plaintiff's host driver was the sole proximate cause of the accident; and that plaintiff assumed the risk of dangers which caused the accident.

The trial court having found for the plaintiff, the review on appeal is in the light most favorable to her; and unless the evidence so viewed compels a finding as a matter of law in favor of the defendant on one or more of the issues above set forth, the judgment must be affirmed.[1]

Center Street is a main-traveled, east-west street in Cedar City. It is hardsurfaced, 25 feet in width. In connection with installing curb and gutter the city had left a bank of dirt about two feet high and four or five feet wide along the north edge of the surfacing in the 100 to 200 east block. In excavating, an old culvert and some blocks of concrete had been dug up and were left lying in this dirt. The culvert lay generally parallel to and in the row of dirt; about 40 feet from the east end thereof the culvert protruded about a foot beyond the dirt into the surfaced portion of the highway; about 15 feet further west a block of concrete similarly projected a foot or two beyond the south side of the dirt onto the highway, and about 20 feet further west still another did so. There were no barricades or warning

1. See Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.

signs or lights to warn traffic of the obstructions mentioned.

On May 18, 1958, the Junior Chamber of Commerce held its state convention in Cedar City. As a feature of the parade plaintiff's host driver, Ivan Walton, Jr., had brought to town a 1926 Model T Ford automobile. About midnight Walton and his wife and plaintiff and husband got in the car, men in front, ladies in rear, and started for a cafe up Cedar Canyon east of town. They soon discovered that the car was pretty feeble for that drive, so they turned around and came back. The evidence is that in returning to the city Mr. Walton was driving at a moderate speed, and that as he came upon the bank of dirt, as found by the trial court, "it struck the south edge of the windrow near its easterly end, then skirted the edge of the windrow and the right front wheel, or more probably, the front axle struck the end of the culvert * * * continued onward along the edge * * * of the windrow and struck the second concrete block * * * with such force as to cause the three passengers to be thrown from the vehicle."

The plaintiff landed on her face and shoulder on the hard surface, causing severe abrasions and extensive injuries, including a fracture of the skull, concussion of the brain, an injury to her left eye which will result in some permanent impairment of vision; broke her left arm in such a way as to leave a 35 per cent permanent disability thereof; and lost her sense of smell. She was 32 years of age and had a life expectancy of 36 years.

The trial judge, with commendable judicial zeal, prepared a memorandum decision in which he set forth a clear and complete determination of the facts as he viewed them, together with a lucid and accurate exposition of the principles of law applicable thereto. He made separate findings on each of the city's contentions: that the headlights and brakes of the ancient automobile were not up to standard; that it was not licensed for use upon the highways; and that the parties, including the driver, had been drinking. However, he found expressly that none of these factors proximately caused the accident; and that the plaintiff was not guilty of any negligence which contributed as a proximate cause thereto. He did find that Mr. Walton was negligent but held that it was only a concurring proximate cause of the accident, and that the "accident would not have happened but for the concurrent negligence of the defendant city * * *." He also correctly ruled that the negligence of the host driver was not imputable to the plaintiff as guest passenger,[2] and that notwithstanding his negligence she could recover

2. Caperon v. Tuttle, 100 Utah 476, 116 P.2d 402, 135 A.L.R. 1399.

from another tort feasor whose negligence concurred to cause her injury.[3]

■ It has long been accepted in this jurisdiction that a city is required to exercise reasonable care to keep its streets in safe condition, and that it may be held liable for injuries proximately resulting from its failure to do so.[4] In Section 10–7–77, U.C.A.1953, the legislature has set forth the procedure for the presentation of claims against the city, "for damages or injury, alleged, to have been caused by the defective, unsafe, dangerous or obstructed condition of any street * * *"; and has further provided therein that no action shall be maintained unless it appears that the claim was so presented and that it was not audited and paid within 90 days. This statute seems plainly to manifest recognition of the right to maintain such an action if the conditions recited in that statute are fulfilled.

■ It is to be expected that in the management of the city's streets excavations such as the instant one for installing curb and gutter are sometimes required, and that now and then it is necessary to leave obstructions such as this dirt in the street temporarily. It is the usual practice to place some type of barricade and warning signs; and for the nighttime, some type of light, or at least reflectorized signs, to warn traffic of danger. The failure of the city to protect this row of dirt in any manner, and particularly, when the culvert and cement blocks were protruding from it on the street side, provided a basis upon which the trial court was justified in finding it negligent.[5]

This brings us to a consideration of the question whether the finding that the city's negligence was a proximate cause of the accident can be sustained. It urges the proposition that even if the court be justified in finding it negligent for leaving the unguarded pile of dirt in the street, its negligence had come to rest and Walton's running into it was a later independent act of negligence which was the sole proximate cause of the accident. We dealt with and dwelt to considerable extent upon a comparable situation in the case of Hillyard v. Utah By-Products Co.[6] We refer to the principles set forth therein as applicable to the instant situation.

■ When the evidence is such that there is doubt about whether one of two causes is a proximate cause of an injury

3. Kawaguchi v. Bennett, 112 Utah 442, 189 P.2d 109.

4. See Rollow v. Ogden City, 66 Utah 475, 243 P. 791, 795; Berger v. Salt Lake City, 56 Utah 403, 191 P. 233, 13 A.L.R. 5.

5. See City of Waco v. Killen, Tex.Civ. App., 59 S.W.2d 940 (Stump in street unguarded).

6. 1 Utah 2d 143, 263 P.2d 287; see also McMurdie v. Underwood, 9 Utah 2d 400, 346 P.2d 711.

so that the question could reasonably be found either one way or the other, the question is one of fact for the court or jury. A circumstance or a force which can reasonably be regarded as the effective factor in producing an injury can properly be regarded as a proximate cause of it. And this is so even though later events which combined to cause the injury may also be classified as negligent so long as the later act is something which might reasonably be expected to follow in the natural sequence of events.[7]

We are in accord with the idea that where there is a negligently created condition (such as this obstruction) and a later negligent actor (such as the driver) observed, or the circumstances are such that he could not fail to observe such obstruction, but he nevertheless ran into it, the later negligence of the driver would be an independent, intervening, efficient cause, and therefore the sole proximate cause of the accident. This is based on the reasoning that generally it is not reasonably to be foreseen that one who becomes aware of a danger in ample time to avoid it will fail to do so.

But a different principle applies if the later actor (the driver Walton), even though acting negligently, did not become aware of the danger until too late to avoid striking the obstruction. After getting into such an emergency situation, his action in driving into the obstruction could be regarded as acting in combination with the prior negligence of the city as a concurring proximate cause of the accident. In that event his act would not be the sole proximate cause. It is reasoned that this is so because the condition of danger created by the city is such that it could reasonably be anticipated that travelers on the street, negligent or otherwise, may not observe the dangerous condition until too late to avoid it.[8] Therefore, an accident of the character here under consideration might be expected to follow as a natural consequence of the dangerous condition previously created, and consequently may be deemed to be proximately caused by it. The evidence here is reasonably susceptible of the view that the driver was unable to see the obstruction until too late to avoid it. In fact, that is the import of the plaintiff's evidence and the theory upon which the trial court rendered its judgment, Accordingly, the finding must be sustained.

Defendant also contends that the plaintiff should be deemed to have assumed the risk involved in riding in this antique automobile; and with Mr. Walton, who had been drinking. Ordinarily the

---

7. See Hillyard, footnote 6, supra; Restatement of Torts, Sec. 447; Prosser on Torts 2d Ed.

8. See Kline v. Moyer, 325 Pa. 357, 191 A. 43, 111 A.L.R. 406.

doctrine of assumption of risk does not apply to actions for negligence of the character here under consideration.[9] But we are not now concerned with whether it might be applicable under special circumstances, because the trial court expressly found that neither the fact that the automobile was an antique, nor any of its limitations on that account; nor that Walton had been drinking, had anything to do with causing the plaintiff's injury, which findings are supported by the evidence. Accordingly, there could be no basis for holding against the plaintiff on the ground that she assumed the risk of the dangers just stated, of which she might have been aware; and she, of course, could not be held to have assumed the risk of the negligence of the driver, or of the city, of which she had no knowledge when she entered the car.[10]

Affirmed. Costs to plaintiff (respondent).

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, Justice.

I concur in the result because of the main opinion's reference, with approval, to the principles stated in Hillyard v. Utah By-Products Co., 1953, 1 Utah 2d 143, 263 P.2d 287, in which case I but concurred in the result, having had some misgivings about some of the principles stated therein, which the main opinion here asserts are pertinent to the instant case.

---

9. See McJunkin v. Chase, 11 Utah 2d 238, 357 P.2d 490; and Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884.

10. See cases cited in footnote 9, supra, that assumption of risk requires knowledge of danger and voluntary consent to assume it.