Landis WEBBER, Appellant (Plaintiff below),

v.

James FARMER, Appellee (Defendant below).

No. 3437.

Supreme Court of Wyoming.

Feb. 3, 1966.

G. L. Spence, Riverton, for appellant.

Elmer J. Scott, of Scott & Joffe, Worland, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Suit was brought by Landis Webber, a rancher, against James Farmer, a truck operator, for the killing of twelve head of plaintiff's cattle on a county road west of Thermopolis, Wyoming, when a herd of cattle were run into by defendant in his truck. Plaintiff also claimed personal injuries to his back caused by his horse being frightened and rearing. The defendant counterclaimed for damages to his truck.

Following trial to a jury, a verdict was returned with a finding against plaintiff on his cause of action and against defendant on his counterclaim. No damages were awarded to either party. Plaintiff-Webber, the owner of the cattle, has appealed.

The asserted grounds of appeal have to do with the admission of evidence; alleged misconduct on the part of counsel for defendant; the sufficiency of evidence for a finding of contributory negligence; and instructions to the jury. We will consider these grounds in the order in which they are listed.

*Admission of Evidence*

The driver of the truck topped the brow of a hill and on the downslope ran into the herd of cattle, which entirely blocked the roadway. Much attention was given to the distance at which the driver could see the cattle after he topped the brow of the hill and before he hit the cattle. Plaintiff-Webber performed an experiment with a witness and took a picture to determine this distance. Defendant-Farmer with a witness performed a similar experiment and took a similar picture.

Webber claims the camera for Farmer's picture was not at the stipulated height of the eye level of a driver in Farmer's truck; that the picture therefore did not give a true representation of the distance in question; and that the picture for this reason should not have been admitted into evidence.

Defendant-Farmer testified the picture honestly and fairly showed the distance that he could see when he was first able to see the cattle as he approached the scene of the accident. And of course, counsel for Webber was free to cross-examine Farmer as to his theory in this regard and make whatever argument he saw fit to make to the jury. However, Farmer was just as much entitled to present his theory, based on his picture, as Webber was to present his theory based on his picture.

We accept the general rule on determination as to admissibility as stated in 32 C.J.S. Evidence § 716, pp. 1018–1019 (1964), which is in substance this: Whether a photograph is sufficiently verified as a proper representation, is a preliminary question to be determined by the trial judge; and the admission or rejection of a photograph is a matter which rests largely in the discretion of the trial judge.

Our court followed this principle in Dr. Pepper Company v. Heiman, Wyo., 374 P. 2d 206, 212. For other cases to the same effect, see Mason v. Bon Marche Corporation, 64 Wash.2d 177, 390 P.2d 997, 998; and Reorganized Church of Jesus Christ of Latter Day Saints v. Universal Surety

Company, 177 Neb. 60, 128 N.W.2d 361, 375.

■ As stated in both of the latter two cases, in the absence of a showing of an abuse of discretion, the trial court's ruling will not be reversed on appeal. In the case at bar, we find no abuse of discretion.

Appellant further claims he was prejudiced because a highway patrolman was permitted to testify, over objection, as to what the standard braking distance of a truck with a weight of 70,000 pounds would be at a speed of 20 miles per hour, on a level hard-surfaced road. It is pointed out that the road here involved was a gravel road and defendant's truck was traveling downgrade.

■ Based on the authority of Caperon v. Tuttle, 100 Utah 476, 116 P.2d 402, 404–405, 135 A.L.R. 1399, we can agree with appellant that the testimony of the patrolman concerning braking distances should not have been admitted. However, this evidence could serve no purpose except to prove defendant was not negligent. The jury, in denying defendant's counterclaim, necessarily found defendant negligent, and plaintiff was therefore not prejudiced by the patrolman's testimony.

### Conduct of Counsel

Appellant complains that the trial court erred in permitting evidence and statements of counsel which compared the wealth of the respective parties in this action. For example, in his opening statement, counsel for the defendant said Mr. Farmer had not repaired his truck because he did not have the money to do so. Also, complaint is made because Farmer testified as to the number of acres of land owned by Webber and at one time referred to $60,000 worth of cows blocking the road. An additional complaint is made against a closing-argument statement made by defendant's attorney.

Plaintiff's attorney immediately objected to the statement regarding Farmer not having the money to repair his truck and asked the court to instruct the jury to disregard it completely. The court did so. Also, plaintiff's attorney requested an instruction by the court to the jury relative to the financial condition of the parties, and the court instructed:

"As you were verbally instructed heretofore, the financial status or condition of either party in this case has nothing whatever to do with the issues in this case and you should not consider or conjecture on this proposition."

As near as we can tell, neither any request for correction by the court nor any request for instructions to the jury was made by plaintiff's attorney, with respect to matters now complained of, without the request being complied with by the court. Counsel for appellant seems to agree no one of his objections is sufficiently serious to warrant reversal, but he suggests all added together rendered a prejudicial effect.

Complaints similar to those now made by appellant's attorney were made in Ford Motor Company v. Arguello, Wyo., 382 P. 2d 886, 892, and in Edwards v. Harris, Wyo., 397 P.2d 87, 95. We did not in those cases, and we do not in this case, condone questionable practices on the part of trial attorneys in alluding to matters or causing matters to be alluded to, before the jury, which ought not to be referred to in the presence of the jury.

■ We repeat again, however, the well-established rule which we followed in the Ford Motor Company case and in the Edwards case, that it is incumbent upon counsel to object to remarks of opposing counsel and to give the trial court an opportunity to instruct the jury to disregard the same or otherwise correct the record, before alleged prejudicial error concerning the remarks can be considered on appeal.

This simply means when an attorney chooses to let conduct which he considers questionable go without an attempted correction, taking his chances on a favorable decision by the jury with things as they are, he cannot be heard to complain after-

ward if and when the decision turns out not to be favorable.

### Evidence of Contributory Negligence

As to whether there was sufficient evidence for the jury to have found plaintiff contributorily negligent, appellant has attached to his brief a schematic drawing of the scene of the accident and the facts related thereto, as established by the evidence.

This drawing alone, if we assume the facts to be as depicted thereon, shows reason enough for the jury to have found plaintiff negligent. Of course, we need not and we will not say there was contributory negligence as a matter of law, but we can say appellant's own representation of the facts shows the jury had sufficient reason to hold him, as plaintiff, guilty of contributory negligence.

As represented by the drawing, plaintiff was driving a large number of cattle up the road. The cattle were literally all over the road, with a cowboy on horseback on either side apparently holding the cattle on the main portion of the road. Behind and assisting in driving the cattle up the road were plaintiff and his son, both on horseback. Behind them was plaintiff's wife in a car. The cattle were being driven uphill toward a crest of the hill, with no visibility over the crest.

Despite the fact that five persons were with the cattle, driving them up toward the brow of a hill where visibility from one side of the hill to the other was obscured, and despite the fact that the cattle occupied all of the roadway, from one side to the other, still plaintiff had no flagman on the road to warn the traveling public coming from the other side of the hill of the danger which plaintiff had created by blocking the roadway with cattle.

The question of contributory negligence was for the jury, and it could easily infer from the facts admitted by plaintiff-Webber that he was chargeable with contributory negligence. See Guynan v. Olson, 178 Neb. 335, 133 N.W.2d 571, 576.

### Instructions

One of the jury instructions which appellant-Webber claims should not have been given was Instruction 13 which reads:

"The failure of a party to call a witness may give rise to an inference that the testimony of such uninterrogated witness would not sustain the contention of the party. In the absence of explanation, the failure to call a witness may create such an inference against such party where the witnesses possess peculiar or special knowledge concerning facts essential to a party's case. Whether any inference arises in this case is a matter for you to determine after considering all of the facts and circumstances herein."

The foregoing instruction is subject to criticism, because it fails to limit the application of the instruction to a particular witness or witnesses shown by the evidence to have special or peculiar knowledge concerning facts essential to a party's case, where the testimony would not have been merely corroborative. Instead, the instruction was a blanket instruction which could have been applied by the jury to any witness not called, who was shown by the evidence to have such special or peculiar knowledge.

However, in this case plaintiff's objection to the instruction was that it constituted a comment by the court to the jury that plaintiff failed to call certain potential persons as witnesses, "the doctors or any of them mentioned in the evidence." A lengthy argument was made to the trial court, in connection with the objection, but at no time was any uncalled witness, who had been "mentioned in the evidence," referred to except medical doctors.

Likewise, on appeal plaintiff-appellant says he is sure the court had in mind the failure of plaintiff to call a medical doctor. He still does not show that any other person or persons were mentioned in the evidence who were not called and who would qualify as having special or peculiar knowledge concerning facts essential to plaintiff's case. The knowledge would, of course, have to be

concerning facts in dispute, where the testimony of the witness would not be merely corroborative.

Inasmuch as the jury found against plaintiff and not for him on the question of liability, medical testimony pertaining to plaintiff's alleged personal injury became wholly immaterial. Hence, it cannot be said plaintiff was prejudiced by having the instruction complained of applied to him in connection with his failure to call a medical doctor. It cannot be said he was prejudiced by having the instruction applied to him in connection with his failure to call some other potential witness, until it is first shown that such other potential witness was in fact in existence and mentioned in the evidence.

■ Errors in instructions not injurious or prejudicial are not cause for reversal. Rule 72(g), W.R.C.P.; North v. Williams, Okl., 366 P.2d 406, 409–410. See also Henderson v. Coleman, 19 Wyo. 183, 115 P. 439, 452–455, rehearing denied 115 P. 1136.

■ The appellant has the burden of showing harmful error. Iowa State Savings Bank v. Henry, 22 Wyo. 189, 136 P. 863, 864; Pardee v. Kuster, 15 Wyo. 368, 89 P. 572, 91 P. 836, 837–838.

Appellant having failed, in the instant case, to suggest or show how Instruction 13 could have operated against him, except in connection with the matter of medical testimony which became immaterial, it follows that he did not meet his burden of showing prejudicial error.

The only other instruction brought to our attention on appeal is Instruction 14. It is as follows:

"You are instructed that the driver of a motor vehicle is entitled to assume that the highway ahead of him is safe for ordinary travel, and to expect that any obstruction just beyond the crest of a hill would be evidenced by some warning, but he must still exercise reasonable care in view of the entire situation and all the circumstances."

Appellant-Webber calls this instruction an "ostrich instruction" and claims it amounts to a comment on the evidence. His attorney argues only that a driver of a truck does not have a right to assume the highway ahead of him is safe for travel and free from obstruction.

■ But here again the jury's verdict makes it apparent Webber was not hurt by Instruction 14. The instruction could only benefit defendant-Farmer with respect to the issue of Farmer's negligence. It did not benefit him enough to keep the jury from finding him negligent, and therefore it did not prejudice the plaintiff.

Mr. Justice Gray concurs with me in saying there was no reversible error in any of the assignments presented. Mr. Chief Justice Parker and Mr. Justice Harnsberger are noting an exception with respect to the assignment pertaining to Instruction 13.

Affirmed by an equally divided court.

PARKER, Chief Justice, and HARNSBERGER, Justice (dissenting).

While we agree with what has been said concerning all matters except those arising from Instruction 13, we think that this instruction to the jury, unrelated to a particular witness and to definite testimony, was clearly erroneous. The principal opinion holds that in order for appellant to show himself prejudiced by such erroneous instruction he must point out some person or persons mentioned in the evidence, other than the medical doctor, not called and who would qualify as having special or peculiar knowledge, not merely corroborative, concerning facts essential to plaintiff's case. Although it is certainly true that the instruction should have so pointed out the person or persons concerned, we cannot hold that such was appellant's burden in order to prove prejudice; rather we would hold that where the jury is left to speculate as to what witness or witnesses could have been referred to by the court there is such a likelihood of injury that the giving of the erroneous instruction was prejudicial and ground for reversal.

We would reverse and remand for a new trial.