[No. 33193. Department Two. September 1, 1955.]

MARIANO L. BARRINUEVO, *Respondent*, v. MARIA LUISA DOMINGUEZ BARRINUEVO, *Appellant.*[1]

[1]Reported in 287 P. (2d) 349.

*James Munro,* for appellant.

*Greenwood & Shiers,* for respondent.

WEAVER, J.—Defendant wife appeals from a decree granting plaintiff husband a divorce.

She makes three assignments of error: first, that the court erred when it entered certain portions of paragraph No. IV of the findings of fact, to which we will refer later; second, that the court erred in its conclusion of law that plaintiff is entitled to a divorce; and third, that the court erred when it overruled defendant's motion for a new trial and denied defendant's motion for a continuance of the hearing upon the motion.

Specifically, the court found: (1) that defendant married plaintiff only because she believed him to be possessed of great wealth; (2) that while at home, she carried on affairs with other men; (3) that her conduct had been one of deceit and her marriage was fraudulent in the beginning; and (4) that

". . . [Mr. X, whom we do not deem it necessary to identify] carried on with the defendant in a passionate love affair and on December 3, 1953, stayed overnight in the home of this plaintiff with the defendant alone and had his own personal clothing in the room of the defendant . . ."

and (5) "the court finds the defendant guilty of adultery."

Plaintiff is sixty-three years of age; defendant is thirty-five. They were married November 26, 1952. Their marriage was kept a secret during most of their short married life. During this period, plaintiff gave defendant considerable money, used by her in travel, which took her away from plaintiff for several months. This action was filed August 14, 1953.

Fundamentally, this appeal contains nothing but disputed questions of fact. The parties and a number of the witnesses are Filipinos. Defendant, a former resident of the Philippines, is a visitor in the United States on a temporary-visitor's permit which has been extended numerous times.

Some of the testimony is at times limited, because of language difficulties, and at times voluble and unresponsive. The record presents a maze of detail, some contradictory and inconsistent, through which the trial judge had to cut a path to his findings of fact and conclusions. It would add nothing to the case law of this jurisdiction, and would unduly extend the length of this opinion, for us to set forth the conflicting evidence which the trial judge had before him.

Because of the seriousness of the charge, we have carefully studied the evidence from which the trial court concluded that defendant was "guilty of adultery."

■ Adultery is seldom susceptible of proof except by circumstantial evidence. The *quantum* of proof required in civil cases is that it must be proved by a preponderance of the evidence. The court must take such evidence, as the nature of the case permits, bring to bear upon it the experience and observations of life, weigh it with *prudence and care*, and give effect to its just preponderance.

■ When adultery is sought to be established by circumstantial evidence, the evidence must show: (1) an adulterous disposition on the part of the defendant and the alleged paramour; (2) an opportunity to commit the act; and (3) circumstances tending to show guilt. 1 Nelson, Divorce and Annulment (2d ed.) 187 (1945); see *Gust v. Gust,* 70 Wash. 695, 698, 127 Pac. 292 (1912).

The torrid correspondence to defendant from the alleged paramour; his uncontroverted testimony that he fell in love with her the first time he met her; the fact that he loaned her his automobile for an extended period and escorted her to numerous parties; and the fact that she participated wholeheartedly in his attentions to her, if believed by the trier of the facts, are sufficient to satisfy the first element of proof.

The evidence of this case is such that we discuss the second and third element of proof together.

There is evidence that Mr. X was with defendant on numerous occasions during plaintiff's absence from the house. Defendant testified that she was writing a biography of her grandfather, a Filipino patriot. Mr. X did the typing.

No manuscript was ever produced at the trial. Defendant testified that all the doors were barred except "I did not bar where the dogs was." One woman, whom plaintiff had asked to stay in the house during his absence on a short business trip, testified that she saw defendant and Mr. X embracing on a couch in the living room at three o'clock in the morning. Defendant was clad only in a kimono. One witness testified that one morning he saw Mr. X in bed in one room, and defendant in bed in another room of plaintiff's house; that when Mr. X got up to dress, he went into defendant's bedroom to get his clothes. The clothes incident is denied; that he spent the night there is uncontradicted. He explained that he had missed the last ferry from Bremerton to Seattle.

This evidence, if believed by the trier of the facts, would justify the conclusion that defendant and Mr. X were together under suspicious circumstances, not readily susceptible of explanation except on the assumption of a corrupt design.

■ The disposition of this case is governed by the rule announced in many of our former decisions, that the trial judge, having witnesses before him and an opportunity to observe their demeanor, display of candor, and sincerity upon the witness stand, is in a better position to determine the truth of the issues than are we who read only the written record. We will not disturb his findings of fact unless there is no evidence to support them, or unless we can say that the evidence preponderates against them.

■ In the instant case, we cannot say that the evidence preponderates against the findings of fact to which defendant has assigned error. These findings of fact support the conclusion that plaintiff is entitled to a divorce. Defendant's first and second assignments of error are not well taken.

■ We cannot review the first portion of defendant's third assignment of error that the court erred when it denied defendant's motion for a new trial. Defendant's sweeping statements in the brief that objections were overruled when they should have been sustained, and that exhibits were introduced without being properly identified, are not supported by reference to any particular objections or exhibits.

Finally, defendant urges that the trial court committed error when it denied defendant's motion for a continuance of the hearing on the motion for a new trial.

Defendant moved for a new trial June 22, 1954. The motion was set for hearing June 28, 1954, but was continued to July 6th, due to the absence of the trial judge. On that day, defendant's trial counsel appeared and requested a continuance of two weeks to allow the substitution of a new attorney for defendant. On July 19th, defendant's present counsel (not the substitute attorney identified on July 6th) appeared and requested a further continuance until such time as he could have a statement of facts prepared and acquaint himself with the record. The trial court refused to grant the second continuance.

A motion for a continuance is addressed to the sound discretion of the trial court, and the exercise of this discretion will not be reversed by this court except for a manifest abuse thereof. *Donaldson v. Greenwood,* 40 Wn. (2d) 238, 242 P. (2d) 1038 (1952).

No statement of facts had yet been ordered when the last continuance was requested. Under these circumstances, it was not an abuse of discretion to deny the motion.

The decree is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.

---

October 17, 1955. Petition for rehearing denied.