[No. 33473.   Department One.   April 5, 1956.]

HOMER EUGENE MILLER, *Appellant*, v. CHICAGO, MILWAUKEE,
ST. PAUL AND PACIFIC RAILROAD COMPANY *et al.*,
*Respondents.*[1]

*Richard R. Greiner* and *Wm. R. Cole,* for appellant.

*B. E. Lutterman, Chas. F. Hanson,* and *Morell E. Sharp,*
for respondent Chicago, Milwaukee, St. Paul and Pacific
Railroad Company.

*Brethorst, Fowler, Dewar, Bateman & Reed,* for respond-
ents Suver *et al.*

FINLEY, J.—This is an action to recover damages for per-
sonal injuries which, allegedly, plaintiff sustained in using a
ladder located on premises owned by defendant railroad
and leased to defendant partners.

At the time of the accident, the defendant partners were
using the premises in question for the operation of a potato

[1]Reported in 295 P. (2d) 723.

warehouse business. The ladder, about three and one-half to four feet in height, reached from the surface of the ground to the surface of a loading platform which adjoined the warehouse. The ladder was of simple, crude construction. It consisted of two-by-four cross-pieces, each nailed at one end to a post which formed part of the support for the loading platform, and at the other end to an upright two-by-four.

On March 10, 1951, plaintiff was on the premises in connection with his duties as an inspector for the production marketing administration. He attempted to gain access to the loading platform by using the ladder as he had done on several days immediately prior to the accident and on many other previous occasions. Plaintiff testified that, on the day in question, he attempted to gain access to the platform by jumping or springing with his left foot from the top rung of the ladder, so that he could land on the platform with his weight on the toes of his right foot, rather than by placing his knee on the wet, icy platform. As he endeavored to do this, the top rung of the ladder broke, plaintiff's right knee came down on the surface of the loading platform, and, allegedly, this caused the injuries for which he now seeks recovery.

The case was tried to the court without a jury, and resulted in judgment for both defendants. The trial court concluded that neither of the defendants was guilty of any negligence toward the plaintiff; furthermore, that plaintiff was guilty of contributory negligence. The trial court denied plaintiff's motions for a new trial or judgment notwithstanding the verdict. Plaintiff has appealed.

The issues involved are primarily factual, and the findings of the trial court will not be disturbed unless there is no evidence to support them, or unless the evidence clearly preponderates against them. *Barrineuvo v. Barrineuvo,* 47 Wn. (2d) 296, 287 P. (2d) 349. The evidence in the record supports the trial court's findings of fact, and these support the conclusion that the appellant was guilty of contributory negligence.

█ As we see the matter, in view of his repeated use of the ladder, appellant knew or should have known of its peculiar construction and character and condition. Appellant testified that, at the time of the accident, he weighed approximately two hundred fifty pounds and was six feet, three inches, tall. But, notwithstanding his size, and even though he was familiar with the character and condition of the ladder, appellant placed his entire weight on the top rung and proceeded to throw himself upwards onto the surface of the loading platform. We agree with the conclusion of the trial court that, under the circumstances, appellant failed to exercise a reasonable degree of care for his own safety, and that his negligence, having proximately contributed to his injury, is a bar to his recovery.

█ The foregoing disposition of the case makes it unnecessary for us to discuss appellant's status while he was on the premises and the duties owed to him by either of the respondents. Assuming, however, *arguendo,* that the appellant was a business invitee, we are of the opinion that the evidence in the record supports the trial court's conclusion that neither the respondent railroad company nor the respondent partners were guilty of any negligence toward the plaintiff-appellant. 38 Am. Jur. 757, Negligence, § 97; *Caron v. Grays Harbor County,* 18 Wn. (2d) 397, 139 P. (2d) 626, 148 A. L. R. 626; *Barrett v. Faltico,* 117 F. Supp. 95.

The judgment of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.