[No. 36952.    Department One.    April 9, 1964.]

OLLIE MASON, *Respondent,* v. THE BON MARCHE
CORPORATION, *Appellant.**

*Rosling, Williams, Lanza & Kastner* and *James A. Noe,*
for appellant.

*M. J. Carlson* (of *Anderson & Hunter*), for respondent.

*Reported in 390 P. (2d) 997.

Rosellini, J.—The respondent, a woman about 80 years of age, brought this action to recover damages for the loss of her hair, which she claimed had resulted from the negligence of one of the appellant's employees in giving her a permanent wave. A jury awarded her $8,000.

Error is assigned to the admission in evidence of a photograph of the respondent, showing her bald head. The appellant contends that the photograph was not necessary to prove the respondent's case and tended only to prejudice the jury in her favor.

Pictures which accurately represent the true state or condition of the thing depicted are admissible if they have probative value. *State v. Griffith,* 52 Wn. (2d) 721, 328 P. (2d) 897, and cases cited therein. The mere fact that the thing depicted may be gruesome or unpleasant, does not render such evidence incompetent.

The admission or rejection of photographs lies largely within the sound discretion of the trial court, and in the absence of a showing of an abuse of discretion, the trial court's ruling will not be disturbed on appeal. *State v. Griffith, supra; State v. Nyland,* 47 Wn. (2d) 240, 287 P. (2d) 345; *Brewer v. Berner,* 15 Wn. (2d) 644, 131 P. (2d) 940. In this case, the respondent had exposed her bald head before the jury. There was no question but that she had lost her hair and it had not grown back at the time of the trial. The trial court admitted the photograph, as it said, to preserve the record. We find no abuse of discretion in admitting it.

The second assignment of error concerns the court's ruling in refusing to allow an employee of the appellant to testify concerning the standard of care of beauty operators in the community. The trial court excluded her testimony on the ground that she was not shown to be familiar with the standard, having dealt only with employees of the Bon Marche. This case was tried on the theory that the standard of care is determined by the prevailing practice in the community, and the correctness of this theory has not been challenged on this appeal. We will assume, therefore, that the offered evidence was relevant and material.

■ We have repeatedly declared that the decision upon the experiential qualifications of witnesses should be left to the determination of the trial court. *State v. Tatum,* 58 Wn. (2d) 73, 360 P. (2d) 754; *Wilson v. Wright,* 52 Wn. (2d) 805, 329 P. (2d) 461; *Oyster v. Dye,* 7 Wn. (2d) 674, 110 P. (2d) 863, 133 A.L.R. (2d) 720.

■ It is also the rule that, in order to obtain appellate review of trial court action in excluding evidence, there must be an offer of proof. *Sutton v. Mathews,* 41 Wn. (2d) 64, 247 P. (2d) 556; *Kirsch v. Kirsch,* 192 Wash. 156, 73 P. (2d) 356. One of the purposes of such an offer is to inform the Supreme Court whether the appellant was prejudiced by the exclusion of the evidence. Here, there was no offer of proof, and there is no showing that the testimony of the witness would have differed in any material respect from the testimony of other witnesses who gave evidence concerning the prevailing practices in the community. Consequently, there has been no showing of prejudice, and assuming that the appellant is correct in its contention that the trial court abused its discretion in refusing to permit the witness to testify on this subject, the error is not grounds for a reversal.

■ It is next contended that the verdict was so excessive as to unmistakably indicate passion and prejudice. While it is true that there was no showing of physical pain and suffering connected with the hair loss, there was considerable evidence that it brought on a marked change in the respondent's personality and caused her much mental and emotional suffering. The trial court was asked to declare the verdict excessive and refused to do so. We find no reason to disturb its ruling.

In its fourth assignment of error, the appellant contends that the trial court should have granted a judgment notwithstanding the verdict or in the alternative a new trial on the ground that there was no evidence or reasonable inference from the evidence to justify the verdict. The argument in support of this assignment ignores the evidence favorable to the respondent's case and assumes that her witnesses were not worthy of belief. We find, however,

that there was evidence tending to establish that the appellant's employee left the permanent wave solution on the respondent's hair too long, and that it caused all of her hair to fall out shortly thereafter. The credibility of the witnesses, of course, was a question for the jury and not for this court.

Finally, it is suggested that the trial court should have granted a new trial on the ground that substantial justice was not done. The court expressed the opinion that the respondent's medical witness was not credible, but stated that this opinion was based on his observation of the doctor in other trials and not on anything which had occurred during the trial of this case. As the trial judge observed in making his ruling on the motion for a new trial, the mere fact that he would have reached a different decision had he been trying the case, was not a proper ground for setting aside the verdict rendered by the jury. We likewise find in the record of this case no compelling reason to disturb that verdict.

The judgment is affirmed.

OTT, C. J., HILL and HALE, JJ., and MURRAY, J. Pro Tem., concur.