[No. 38965.    Department Two.    May 2, 1968.]

MARY E. SWOPE, *Respondent,* v. BERT SUNDGREN *et al.,*
*Appellants.**

*Reported in 440 P.2d 494.

*Anthony Arntson,* for appellants.

*Smith, Scott & Morthland,* by *James S. Scott,* for respondent.

HAMILTON, J.—On January 30, 1964, the plaintiff, Mary E. Swope, and her friend, Rosalind Day, were seated in plaintiff's automobile eating lunch at a drive-in restaurant in Yakima, Washington. The defendant Gloria Sundgren while attempting to depart from the drive-in parking area backed her automobile into plaintiff's parked vehicle. The evidence is in dispute as to the violence of the collision.

The plaintiff, who had sustained an "acute lumbar disc syndrome" in an accident in April, 1963, initiated this action contending, in essence, that the collision of January 30, 1964, aggravated and made active her preexisting condition to the extent that she was severely disabled. Her orthopedic expert who had treated her following both accidents attributed her condition at the time of trial to the January 30th accident. The defendants' orthopedic expert, in response, asserted that the January 30th accident, being of a minor nature, caused little, if any, of plaintiff's disability. Defendants thus contended that plaintiff's disability was attributable to the April, 1963, accident and to a tobogganing upset in which plaintiff was involved in December, 1963.

On February 9, 1966, the cause was submitted to a jury upon the issue of damages only. The jury returned a verdict in the sum of $30,000. Defendants appeal.

By their first assignment of error, defendants contend the trial court erred in overruling their motion for continuance interposed on the morning the cause was scheduled for trial. This motion was predicated upon defendants' desire to take the deposition of a doctor on the staff of the Virginia Mason Clinic in Seattle, Washington, who had examined plaintiff about 3 months after the January 30th acci-

dent. The trial court, in denying the motion, concluded that the request was not timely.

A review of the record reveals that shortly after the plaintiff's examination at the Virginia Mason Clinic defendants' then counsel was furnished with a report of the examining physician, and that periodically thereafter the defendants received copies of the treating physician's medical reports. Furthermore, it appears that two prior continuances of scheduled trial dates had been afforded, and that varying discovery proceedings had been intermittently carried on. Under these circumstances, the last minute discovery of the desirability of the testimony of an examining physician, situated some 150 or more miles from the locale of the trial, cannot be characterized as timely, particularly when the report of that physician's findings had been in defendants' possession for more than a year.

■ A motion for continuance is addressed to the sound discretion of the trial court, and the ruling of the trial court in the exercise of that discretion will not be disturbed except for manifest abuse of discretion. *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963). We can find no manifest abuse of discretion in the trial court's ruling in the instant case.

By their next four assignments of error, defendants challenge the amount of the jury's verdict. In short, they contend the verdict is excessive in light of circumstances revealed by the evidence.

We cannot agree.

■ The medical witnesses testifying for the respective parties substantially agreed that plaintiff, a woman in her mid-twenties at the time of trial, was 75 per cent disabled. Although a laminectomy had already been performed, both doctors agreed that a spinal fusion operation would be necessary if plaintiff was to get better. They varied, however, in their estimates as to the degree her disability would be reduced by a successful fusion. Plaintiff's treating orthopedist unequivocally related her condition to the January 30th accident. Defendants' orthopedic expert disagreed as to the causal relation of the January 30th accident. The

areas of disagreement presented issues for the jury. *Mc-Clintock v. Allen,* 30 Wn.2d 272, 191 P.2d 679 (1948). Likewise, the determination of the amount of damages was primarily the province of the jury. *Thompson v. Seattle,* 35 Wn.2d 124, 211 P.2d 500 (1949). Upon the basis of the testimony presented the damages awarded were well within the range of the evidence. *Guy v. Northwest Bible College,* 64 Wn.2d 116, 390 P.2d 708 (1964). We will not disturb the verdict.

Defendants finally contend that the trial court erred in refusing to give their proposed instruction No. 2. This instruction was a partial quotation from the opinion in the case of *Miller v. Staton,* 58 Wn.2d 879, 365 P.2d 333 (1961). The proposed instruction reads:

> You are instructed that the causal relationship of an accident or injury to a resulting physical condition must be established by medical testimony beyond speculation and conjecture. It must rise to the degree of proof that the resulting condition was probably caused by the accident, or that the resulting condition more likely than not resulted from the accident, to establish a causal relation.

■ Aside from the fact that language used by this court in the course of an opinion is not ordinarily designed or intended as a model for jury instructions,[1] we were addressing ourselves in the *Miller* case to the question of the legal sufficiency of the medical evidence of causal relation between an accident and an injury to carry the issue to the jury and/or to sustain a verdict. *See also Clevenger v. Fonseca,* 55 Wn.2d 25, 345 P.2d 1098 (1959) and *Bland v. King Cy.,* 55 Wn.2d 902, 342 P.2d 599 (1959). The *Miller* case is not, therefore, authority for an instruction to a jury in a personal injury action which would, in effect, exclude the jury's consideration of corroborative lay testimony or circumstantial evidence bearing directly or indirectly upon the issue of causal relation in those cases where the pertinent medical testimony is otherwise legally sufficient.

In the instant case, the testimony of plaintiff's medical witness was amply sufficient to carry the issue of causal

---

[1]*Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966).

relationship to the jury. Furthermore, the jury was fully and fairly instructed upon burden of proof, proximate cause, aggravation and/or segregation of preexisting conditions, and speculation and conjecture. The trial court did not err in refusing the proffered instruction.

The judgment is affirmed.

FINLEY, C. J., HUNTER and NEILL, JJ., and OTT, J. Pro Tem., concur.