[No. 147-1.    Division One—Panel 2.    August 3, 1970.]

BERNARD JANKELSON, *Respondent,* v. MADELINE CISEL, *Appellant.*

*Helsell, Paul, Fetterman, Todd & Hokanson, William A. Helsell,* and *John Stocker,* for appellant.

*Karr, Tuttle, Campbell, Koch & Campbell* and *Robert D. Morrow,* for respondent.

UTTER, J.—Dr. Bernard Jankelson, a dentist, brought this action against Madeline Cisel, to recover damages for libel and slander and to permanently enjoin Mrs. Cisel from making further slanderous publications. Mrs. Cisel counterclaimed to recover damages for personal injuries received by her as a result of his alleged malpractice. The trial court dismissed her counterclaim with prejudice, awarded Dr. Jankelson $12,000, and permanently enjoined Mrs. Cisel from making false and/or derogatory statements that might tend to prejudice Dr. Jankelson. Mrs. Cisel appeals.

Mrs. Cisel contends the court erred in refusing to grant her motion for a continuance, and that the trial judge erred in failing to disqualify himself following the filing of her affidavit of prejudice. She also urges the court should not have sustained respondent's objections to hypothetical questions which she sought to ask her expert witness, and claims she was prejudiced by the court's comments on the evidence in the presence of the jury.

In 1964, Mrs. Cisel, upon recommendation of the Seattle Dental Society, consulted Dr. Jankelson concerning occasional discomfort she was suffering from a "click" in her jaw. He diagnosed the problem as a muscle spasm, which was related to an occlusal problem, and concluded the most practical method of treatment was to grind her teeth in order to alter her occlusion.

After completion of the treatment, Mrs. Cisel became dissatisfied with Dr. Jankelson and consulted Dr. James Hooley of the University of Washington Dental School. Mrs. Cisel subsequently became dissatisfied with Dr. Hooley also. During the next year Mrs. Cisel consulted many dentists. She did not pursue treatment with any of these. During these consultations, however, she continually complained about Dr. Jankelson's treatment. She also wrote numerous letters to various dentists, dental societies,

and governmental agencies complaining of the treatment she had received.

In February, 1966, Mrs. Cisel commenced a suit against Dr. Jankelson for medical malpractice. She dismissed her original attorney fearing that he would be unable to prepare the case in time for trial, and later retained a second attorney who informed her that there was insufficient time in which to prepare for trial. On his advice, a voluntary nonsuit was taken on April 14, 1967.

Dr. Jankelson then commenced the present action against Mrs. Cisel. A third attorney appeared for her, but later withdrew. She finally appeared pro se, and filed an answer and counterclaim.

Trial was set for June 9, 1969. Mrs. Cisel's fourth attorney withdrew on May 1, 1969. Mrs. Cisel obtained her fifth attorney on May 26, 1969. He promptly filed a motion for a continuance, which motion was denied by the presiding judge on June 3, 1969. The motion was renewed before him prior to assignment of the case on June 9, 1969, and again denied. The motion was again renewed after assignment of the case to Judge Mifflin, and denied by him.

The withdrawal of an attorney in a civil case or his discharge does not give the party an absolute right of continuance. *Grunewald v. Missouri Pac. R.R.*, 331 F.2d 983 (8th Cir. 1964); Annot., 48 A.L.R.2d 1155 (1956). The rationale for this rule is that if a contrary rule should prevail, all a party desiring a continuance, under such circumstances, would have to do would be to discharge his counsel or induce him to file a notice of withdrawal. *Peterson v. Crockett*, 158 Wash. 631, 291 P. 721 (1930).

The corollary of this rule is that the decision whether to grant or to refuse a continuance in such a situation rests in the discretion of the court to which the application is made, and the ruling of the trial court in the exercise of that discretion will not be disturbed except for manifest abuse of discretion. *Swope v. Sundgren*, 73 Wn.2d 747, 440 P.2d 494 (1968); *Barrinuevo v. Barrinuevo*, 47 Wn.2d 296, 287 P.2d 349 (1955); *Donaldson v. Greenwood*, 40 Wn.2d 238,

242 P.2d 1038 (1952); *see* note and cases cited in 26 Wash. L. Rev. 212 (1951).

In this case, Mrs. Cisel obtained counsel nearly 2 weeks prior to the date the case was set for trial. Mrs. Cisel's prior counsel had been preparing for 11 months and indicated he was withdrawing because she had not responded to any of his letters requesting she contact him right away.

▉ Discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Rehak v. Rehak*, 1 Wn. App. 963, 465 P.2d 687 (1970). In this case, reasonable men could differ as to the action taken by the trial court, and we find no abuse of discretion.

On the second day of trial, appellant filed an affidavit of prejudice pursuant to RCW 4.12.050.[1] Mrs. Cisel contends the court is bound by the terms of RCW 4.12.050 to disqualify itself. We disagree.

Prior to the filing of the affidavit of prejudice, the trial judge presided over the impaneling of the jury. During the impaneling of the jury, the judge dismissed one juror for cause, and denied a challenge for cause as to a second juror. Ruling on the challenges for cause involved the exercise of the trial judge's discretion. The affidavit of prejudice, hav-

---

[1]"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided,* That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso . . ."

ing been filed after the trial judge made rulings involving the exercise of discretion, was not timely and the failure of the trial judge to disqualify himself did not constitute error.

■ It is next argued by Mrs. Cisel that it was error to sustain Dr. Jankelson's objections to certain hypothetical questions which were sought to be asked her expert witness, Dr. Wanamaker. In order to obtain appellate review of trial court action in excluding evidence, there must be an offer of proof. *Mason v. Bon Marche Corp.*, 64 Wn.2d 177, 390 P.2d 997 (1964). One of the purposes of such an offer is to inform the appellate court whether the appellant was prejudiced by the exclusion of the evidence. *Mason v. Bon Marche Corp., supra.* In this case, appellant made an offer of proof which failed to state there was a recognized standard of practice or that the doctor departed from that standard, if it existed.

■ In view of her offer of proof, Mrs. Cisel was not prejudiced by the court's refusal to allow her hypothetical questions. To sustain a judgment against a physician or surgeon for malpractice, the standard of medical practice in an area coextensive with the medical and professional means available in those centers that are readily accessible for appropriate treatment of patients must be shown, and, further, that the doctor failed to follow the methods prescribed by that standard. Negligence on the part of the physician or surgeon by reason of his departure from the recognized standard of practice must be established by medical testimony. *Versteeg v. Mowery*, 72 Wn.2d 754, 435 P.2d 540 (1967); *Pederson v. Dumouchel*, 72 Wn.2d 73, 431 P.2d 973 (1967); *State v. Sisters of Charity of the House of Providence*, 2 Wn. App. 607, 469 P.2d 229 (1970).

Dr. Benedict Petraitis, Mrs. Cisel's first expert witness, testified he was not aware of any standard of care in the community exercised by dentists. Dr. Frank Wanamaker was appellant's second and final expert witness. For Mrs. Cisel to establish a *prima facie* case of medical malpractice, Dr. Wanamaker must have been able to show a recognized

national standard of care exercised by dentists commensurate with what we have set out. *Versteeg v. Mowery, supra.* There is nothing in her offer of proof stating Dr. Wanamaker was aware of, or that he could testify to the recognized standard of care exercised by dentists in this type of case. Absent this essential element, her malpractice claim would have failed even if Dr. Wanamaker would have been allowed to testify. The error, if any, committed by the court in sustaining Dr. Jankelson's objections to Mrs. Cisel's hypothetical questions was harmless and is not grounds for reversal. *Capen v. Wester,* 58 Wn.2d 900, 365 P.2d 326 (1961).

▆ Mrs. Cisel, in conclusion, contends the court erred in commenting on the evidence in the presence of the jury. The trial judge is prohibited from commenting on the evidence. Const. art. 4, § 16. The purpose of this prohibition is to prevent the jury from being influenced by knowledge conveyed to it by the court of its opinion of the evidence submitted. *State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968); *Heitfeld v. Benevolent & Protective Order of Keglers,* 36 Wn.2d 685, 220 P.2d 655, 18 A.L.R.2d 983 (1950). The jury is the sole judge of the credibility of the witnesses and the court must be extremely careful of comments made in the presence of the jury, inasmuch as such comments may have great influence on their final determination of the issues. *Risley v. Moberg,* 69 Wn.2d 560, 419 P.2d 151 (1966).

Inasmuch as Mrs. Cisel's claim against Dr. Jankelson was dismissed at the close of her case, there could be no prejudice from any alleged comments on the evidence occurring during that portion of the trial. The only exception would be if the alleged comments could relate to one of the issues for determination in the libel action. The jury, in the libel and slander action, had before it consideration of the extent of Dr. Jankelson's damage. They were instructed as an element to consider in assessing damages that Mrs. Cisel could communicate her impressions of all prior treatment to any physicians or dentists, if she did so in good faith, and might thereby avoid liability. The alleged comments set out

in the brief of appellant do not set forth any remarks that could be said to relate to this issue.

The only statement alleged to be a comment on the evidence occurring during Dr. Jankelson's case is found in the cross-examination of Mrs. Cisel by her counsel. There, the following occurred:

Mr. Fisher: I would ask that the clerk mark an article written by the American Dental Association entitled, "Bootleg Dentistry."

Mr. Morrow: We will object to this on the basis that it is a heresay [sic] document.

The Court: Ladies and gentlemen, this is a comment but you are not to pay any attention to it because it is purely a denial of evidence.

I don't know of any allegation of bootlegging here.

Mr. Fisher: Let me lay the foundation here.

Q (By Mr. Fisher) I will show you now what has been marked as Defendant's Exhibit 42. Did you receive this publication from the American Dental Association in response to your letters to them?

A Yes. They didn't know exactly what the problem was so they didn't know exactly what kind of literature, and they sent me some that wasn't particularly pertinent, but it does have some relevancy.

Mr. Morrow: Same objection.

The Court: Objection sustained.

There was no allegation by Mrs. Cisel that Dr. Jankelson was guilty of practicing "bootleg" dentistry. The ruling by the court excluded the offered evidence on the grounds of lack of relevancy.

Although the court characterizes its statements as a "comment on the evidence," it was not. To fall within the ban of article 4, section 16, the jury must be able to infer from the trial judge's comments that he personally believes or disbelieves evidence relative to a disputed issue. The action of the judge must be such that it will fairly import to the jury an expression of judicial opinion relative to

credibility of some significant evidence. *State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966).

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied January 15, 1971.

Review denied by Supreme Court March 1, 1971.