IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DIANE RUPERT,<br><br>                 Respondent,<br><br>        v.<br><br>ELLEN CAMPION,<br><br>                 Appellant,<br><br><br>FLETCHER DEBELY,<br><br><br>                 Respondent. | No. 84632-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Three sisters (or their heirs) agreed to partition property they inherited from their father, but disagreed on how one of the sisters, Ellen Campion, managed the rental home on the property, and now disagree on how the trial court managed the litigation and resolved the trial thereafter. The trial court appointed a receiver to collect rent, to evict tenants, and to sell the property. The court subsequently awarded each of the sisters (or their heirs) a proportionate share of

Citations and pin cites are based on the Westlaw online version of the cited material.

net rent proceeds and ordered Campion to reimburse the receiver approximately $2,000 in rent proceeds which she had improperly retained. Finding no error, substantively or procedurally, we affirm.

## I. FACTS

In 2009, George DeLavergene quit claimed property in Spanaway, Washington (Property) to his three daughters, Campion, Diana Rupert, and Denise Debely,[1] transferring undivided one-third interests to each of them as their separate estates. A few days later, Rupert and Campion then granted DeLavergene a life estate on the Property, while Denise maintained a 1/3 ownership interest in fee.

In April 2017, Denise died intestate. Denise's husband, Fletcher, shortly thereafter entered into settlement agreements with Denise's children from a prior marriage, making him the sole successor to Denise's interest in the Property. Campion successfully petitioned to be named personal representative of Denise's estate, acknowledging that Fletcher was her sole heir. That court dismissed without prejudice the probate of Denise's estate in 2019, after Campion did not appear at the review hearing and without Campion taking any action against Fletcher's one-third interest in the Property.

---

[1] In the interest of clarity, Denise Debely and her husband Fletcher Debely will be referred to by their first names. No disrespect is intended.

2

DeLavergene died in April 2020.  In October 2020, Rupert filed a complaint to partition and sell the Property and to appoint a receiver to collect rents, evict tenants and complete the sale.  She named Fletcher, as Denise's successor in interest, and Campion, as defendants.  Rupert did not include Denise's estate as a party to this action.  In November 2020, the court appointed a custodial receiver and granted him the authority to collect rent, evict tenants and sell the Property.

In October 2020, Fletcher filed a cross-claim against Campion, alleging that Campion had collected and retained rent from tenants on the property that belonged to Rupert and him, in excess of $50,000.  Campion then moved to reopen Denise's probate proceeding, a motion the probate court granted in or around February 2021.

The partition action was set for trial on October 7, 2021 but, due to lack of court availability, the trial was continued to October 27, 2021.  On October 14, 2021, Campion, as personal representative of Denise's estate, filed a motion to intervene in the partition action and to continue the trial to allow the parties to engage in some form of alternative dispute resolution (ADR).  The court denied these motions.  Denise's estate then sought discretionary review of the denial of its motions, which was denied.  Ruling Denying Review, Campion v. Rupert, No. 56928-1-II (Wash. Ct. App. June 15, 2022).

Following trial, the superior court ruled that the three parties each had a one-third interest in the Property, which no one contested; that Campion had collected and retained rent, and was allowed to use those funds to pay pro-rated taxes (from the date of DeLavergne's death), utilities and insurance due on the Property, which again no one contested; but that Campion was not entitled to use those funds to pay for an appraisal of the Property or pay herself "management" fees, without the consent of the other two co-tenants.

Specifically, the court found that Campion had collected $8,400 in rent, and was entitled to offsets for her payment of property taxes, insurance and sewer bills, resulting in net rents owing to the receiver of $2,890.74. Finding that Campion had remitted only $857.52 of this total to the receiver, the court ordered Campion to pay to the receiver the balance of $2,033.22. It ordered the receiver to calculate what each co-tenant was owed from the net sale and rent proceeds and to distribute the proceeds accordingly.

In February 2022, the court approved the receiver's final report and ordered him to distribute $146,822.53 to Campion, $149,764.66 to Rupert, and $148,947.99 to Fletcher. The distribution to Fletcher, however, was stayed at Campion's request pending this appeal. The court distributed the excess rent monies effectively evenly without those fees, and ordered Campion to pay approximately $2,000 to the receiver of the partition action.

4

## II.    ANALYSIS

Campion argues that the trial court improperly waived provisions in its own scheduling order for confirmation of joinder and for ADR; that Denise's estate is a necessary party and should have been permitted to intervene; that the trial court erred in calculating damages; and that CR 11 sanctions should have been granted against Fletcher for his allegedly inflated claims against her.

### A.    Joinder and Alternative Dispute Resolution

It is not disputed that the trial court ordered and the parties did not file a confirmation of joinder of parties or a declaration confirming participation in ADR. Campion asserts that the trial court erred in permitting the case to proceed to trial without requiring the parties to do either.

As to joinder, Campion speculates that, "if the Court would have required compliance [with PCLR 19(c), which mandates confirmation of joinder], the[n] Mr. DeLavergne's Estate would have been joined as a party eight (8) months before trial . . . and likely [compliance with the requirement] would have resulted in settlement."

As Fletcher argues, however, and is equally undisputed, no party ever moved the trial court to require confirmation of joinder. At most, in its motion to intervene and to continue the trial, Denise's estate mentioned only in passing its desire to be joined as a necessary party. There was no explicit reference to a

failure to file the confirmation of joinder and no express demand for the court to require one. Further, in Campion's answers to Fletcher's cross-claim and to Rupert's complaint, Campion did not plead failure to name a necessary party. In short, the trial court had little reason to know in any detail about, or rule on, a procedural step not taken.

"A party may generally not raise a new argument on appeal that the party did not present to the trial court." In re Estate of Reugh, 10 Wn. App. 2d 20, 51, 447 P.3d 544 (2019) (citing In re Detention of Ambers, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007)). "A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error." Id. (citing Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351 (1983)). This principle affords the trial court an opportunity to correct the error, thereby avoiding unnecessary appeals and retrials. Ryder v. Kelly Springfield Tire Co., 91 Wn.2d 111, 114, 587 P.2d 160 (1978). This is consistent with the discretion granted this court through RAP 2.5(a), which allows this court to "refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a)

We decline to consider a procedural error not put before the trial court.

As to ADR, as a preliminary matter, PCLR 16(c) is not self-executing. The only applicable enforcement provision is in PCLR 3(l), which provides:

> The assigned judicial department, on its own initiative or on the motion of a party, *may* impose sanctions or terms for failure

> to comply with the Order Setting Case Schedule established by these rules. If the court finds that an attorney or self-represented party has failed to comply with the Order Setting Case Schedule and has no reasonable excuse, the court *may* order the attorney or party to pay monetary sanctions to the court, or terms to any other party who has incurred expense as a result of the failure to comply, or both; in addition, the court *may* impose such other sanctions as justice requires.

(Emphasis added).

Here, at most, Denise's estate – again, not appellant Campion — asked the trial court to *continue* the trial so that the parties could conduct ADR. That motion was not a "motion of a party" to enforce the ADR requirement or for sanctions for failure to comply with the Order Setting Case Schedule under PCLR 3(I). Indeed, there was no request by any party to order ADR. As with joinder, for this reason alone, this court could decline to consider this alleged error.

More substantively, we interpret court rules as though they were drafted by the legislature. State v. George, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007) (citing State v. Greenwood, 120 Wn.2d 585, 592, 845 P.2d 971 (1993)). When interpreting statutes, "words like 'may' are permissive and discretionary." State v. Stivason, 134 Wn. App. 648, 656, 142 P.3d 189 (2006) (citing Rudolph v. Empirical Research Systems, Inc., 107 Wn. App. 861, 866, 28 P.3d 813 (2001)). Thus, any intervention by the court, or the imposition of sanctions, under PCLR 3(I) is discretionary.

7

Likewise, "[w]hether a motion for continuance should be granted or denied is a matter discretionary with the trial court, reviewable on appeal for manifest abuse of discretion." Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974) (citing Jankelson v. Cisel, 3 Wn. App. 139, 473 P.2d 202 (1970)). In exercising its discretion, the court may properly consider

> the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

Id.

Here, Campion filed a motion for a trial continuance, not a motion to compel ADR, on behalf of a non-party on the eve of trial. Both Fletcher and Rupert opposed the continuance as untimely and challenged Campion's standing to seek relief on behalf of a non-party. Moreover, one trial continuance had already been granted, after Campion had been given the chance to finally answer Rupert's complaint. There were clearly tenable reasons for the court denying the motion to continue trial.

In turn, the trial court did not abuse its broad discretion by not granting the continuance or otherwise proceeding to trial without first compelling the parties to participate in ADR.

B.     Estate's Intervention

8

Campion next contends the trial court erred in denying the motion to intervene that she filed on behalf of Denise's estate. We disagree.

The following is the entirety of Campion's argument as to the court's order denying Denise's estate's motion for intervention:

> Ms. Campion recognizes that this Court has already denied Mr. Delavergne's [sic.] Estate's request for discretionary review. Based upon the issues presented by the failure to follow PCLR 16(c)(1) and PCLR 19(c), requests that if this appeal is successful, Mr. Delavergne's [sic.] Estate be permitted to join the reopened case as a party.

Campion provides no further argument or citation to authority, even in reply. Unexpectedly, Campion does not even challenge the trial court's express conclusion that "Fletcher, pursuant to RCW 11.04.250 and the Settlement and Releases between he and Denise's children from a previous relationship, is the successor in interest to Denise's 1/3rd tenant in common interest in [the Property]."

Under RAP 10.3, the brief of the appellant should contain arguments supporting the issues presented for review, citations to legal authority, and references to relevant parts of the record. RAP 10.3. "We need not consider arguments that are not developed in the briefs and for which a party has not cited authority." Bercier v. Kiga, 127 Wn. App. 809, 824, 103 P.3d 232 (2004) (citing State v. Dennison, 115 Wn.2d 609, 629, 801 P.2d 193 (1990)). The court is not required to search the record to locate the portions relevant to a litigant's arguments. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 819, 828

P.2d 549 (1992).  Passing treatment of an issue or lack of reasoned argument are insufficient to merit judicial consideration.  Joy v. Dep't of Labor & Indus.,170 Wn. App. 614, 629, 285 P.3d 187 (2012) (citing West v. Thurston County,168 Wn. App. 162, 187, 275 P.3d 1200 (2012)).  For this reason alone, this court could decline to consider this alleged error.

Moreover, this court has denied Campion's request for a new trial based on the trial court's decision to proceed to trial despite possible violations of PCLR 16(c)(1) (ADR) and PCLR 19(c) (confirmation of joinder).  Thus, even following Campion's logic and request, we need not review this assignment of error.

In turn, we need not address Fletcher's arguments that Campion lacks standing to challenge this order or that Campion's appeal is an improper collateral attack on a final order.

C.     Damages

Campion next argues that the trial court "erred in calculating damages." What she actually contends on appeal, however, is that she did an "exemplary job" of managing the property and paying the expenses associated with it, and should have been paid a management fee for her efforts and reimbursed for the money she used to obtain an appraisal.  She also argues the trial court erred in prorating taxes only from the date of DeLavergne's death, a decision she argues led her to be personally responsible for a portion of the 2020 taxes predating DeLavergne's

death and one that is not supported by substantial evidence. She argues that this court "should find that Ms. Campion acted appropriately under difficult circumstances" and should order each of the parties to pay "one third of the negative net total or $256.64." We reject these arguments.

Following trial, the court found (1) Campion collected rent in the amount of $8,400, (2) rightly (as stipulated by the parties) paid some obligations, and (3) improperly paid herself (a) a management fee of $600 and (b) the cost of an appraisal of the Property also in the amount of $600. The court also found that Campion could not deduct from the $8,400 "the entire amount of the 2020 real property taxes," but only the months while the renters lived at the Property (April 21 to December 31, 2020). The court then divided the "net rent" between the sisters equally and calculated that, discounting the excluded fees and taxes, an amount of "resulting net rent" (of approximately $2,000), which Campion was required to remit to the receiver.

Finally, the court awarded only statutory fees and costs to Rupert (paid in specific ways per fees and costs) and directed the receiver to calculate and distribute the final monies under his control.

As to her contention to be entitled to recover a management fee or to be reimbursed the cost of an appraisal she ordered, Campion provides no legal authority for these propositions. "Without supporting argument or authority, 'an

appellant waives an assignment of error.'" Collins v. Clark County Fire Dist. No. 5, 155 Wn. App. 48, 95-96, 231 P.3d 1211 (2010) (quoting Bercier v. Kiga, 127 Wn. App. 809, 824, 103 P.3d 232 (2004)). For this reason alone, we decline to consider this alleged error.

Further, Campion is correct that factual findings such as those made here may be reversed if they are not supported by substantial evidence, and "'[s]ubstantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002) (quoting Bering v. SHARE, 106 Wn.2d 212, 220, 721 P.2d 918 (1986)). "There is a presumption in favor of the trial court's findings and the party claiming error has the burden of showing they are not supported by substantial evidence." Thor v. McDearmid, 63 Wn. App. 193, 205, 817 P.2d 1380 (1991) (citing Fisher Properties, Inc. v. Arden–Mayfair, Inc., 115 Wn.2d 364, 369, 798 P.2d 799 (1990)).

Here, the court's findings on the management and appraisal fees are based on substantial evidence. As to the former, Campion admitted she declined the request to cooperate with her sisters as to the management of the Property. In that spirit, she admitted she did not ask Rupert or Fletcher if they would agree to pay the management fee or the appraisal. There is no authority to support

12

Campion's apparent contention that she may impose fees on tenants in common without their consent.

As to the trial court's alleged error in prorating taxes only from the date of DeLavergne's death, there is no dispute as to the date of DeLavergene's death. Campion testified that she used rent proceeds accruing after DeLavergne's death to pay a portion of the 2020 taxes accruing before DeLavergne's death. Although DeLavergne held only a life estate to the Property, it is generally understood in Washington that the holder of a life estate is responsible for the payment of property taxes. See Annotation, Life Tenant's Duty to Pay Taxes, 126 A.L.R. 862, 863 (1940) ("[I]t is a well-established general principle. . . that it is the duty of a life tenant in possession of real estate to pay the ordinary taxes thereon, in the absence of some contrary intention manifested by the creator of the life tenancy and remainder."); In re Est. of Irwin, 10 Wn. App. 2d 924, 928, 450 P.3d 663 (2019) ("As a general rule, unless the will expressly provides otherwise, 'one who takes a life estate in the property of a decedent elects to take as a whole with the benefits of the income and profits, and under the corresponding burdens of the current expenses such as taxes . . . .'" (internal quotation marks omitted) (quoting In re Est. of Brooks, 44 Wn.2d 96, 98, 265 P.2d 833 (1954))). Thus, the debt belonged to DeLavergne's estate. If Campion paid one of her father's debts, she may recover the money from her father's estate but she provides no legal authority for

13

the proposition that she may recover this sum from her siblings. Indeed, as there is no evidence in the record that it was the intent of the sisters who created the life tenancy to share those expenses, it does not appear that it would be the duty of Fletcher (as heir) or Rupert to pay some share of those taxes. See 51 AM. JUR. 2D Life Tenants and Remaindermen, §§ 232, at 408 ("the intention of the creator of the interest, if indicated, will control"), 235, at 412 (2021) ("it is within the power of the creator of interests in property to place the duty of payment of taxes upon the holder of either the present or future interest"). Regardless, Campion has not fully briefed that issue and we need not resolve it on this record.

Even considering Campion's arguments on the merits, she has failed to meet her burden of showing the court's calculations are not supported by substantial evidence.

D.     Counterclaim and Sanctions

Campion argues that, as preserved in her answer to Fletcher's cross-claims and at trial, the trial court wrongly denied her requested CR 11 sanctions and her costs and attorney's fees under RCW 4.84.185 against Fletcher, first, for allegedly bringing a frivolous claim against Campion for payment of back rent at a time when Campion did not have a right to collect rent because of DeLavergene's life tenancy. Additionally, Campion argues that any such claims are frivolous because they are clearly barred by the three (3) year statute of limitation.

The parties agree that the standard for reviewing a decision on sanctions under CR 11 is abuse of discretion. Cooper v. Viking Ventures, 53 Wn. App. 739, 742, 770 P.2d 659 (1989). "A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." Gildon v. Simon Property Group, Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006) (citing Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006)). "An abuse of discretion is found if the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." Id.

Campion has not made the required showing. Stated otherwise, the court had the following tenable grounds or tenable reasons to deny any CR 11 sanctions and Campion's costs and attorney's fees under RCW 4.84.185 against Fletcher.

First, Campion did collect rent from those who occupied the property after her father's death, but was paid in cash and had no receipts or any other record of payment. Second, Campion further did not deposit the rent money and "used it." Third, these actions were all taken by a professional real-estate agent, who again refused to cooperate with her sisters even as to the inspection of the property. In short, Fletcher's skepticism was warranted and these facts provide tenable grounds for the court's decision.

15

Moreover, some damages were awarded to Fletcher even if not the amount he desired.  See, e.g., Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992) ("The fact that a complaint does not prevail on its merits is by no means dispositive of the question of CR 11 sanctions.).  This fact provides additional tenable grounds for the trial court's decisions on these issues.

Campion has not carried her burden.[2]

III.    CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Andrus, C.J.

Dwyer, J.

---

[2] Rupert requests fees.  Rupert bases the request on RCW 4.84.080(2), which establishes the amount of the fee award of $200, "after argument."  Argument was stricken here and no fees will be granted to any party.